FOR THE DISTRICT OF COLUMBIA

FILED

JAN 1 4 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

KENNEDY SCHULER,    _ Apt 302    )
2840 Langston Pl SE    )
                    PLAINTIFF,    )
Washington DC 20020    )
V. 202·678-1077    )    CASE NO.
  202- 889-4097    )
GEO GROUP, INC.,    )
UNITED STATES OF AMERICA, through )
its department, the FEDERAL    )
BUREAU of PRISONS,    )
AND HARLEY LAPPIN, in his official)
capacity as Director of the    )
UNITED STATES BUREAU OF    )
PRISONS,    )
                    )
          DEFENDANTS.    )

Case: 1:08-cv-00065
Assigned To : Unassigned
Assign. Date : 01/14/2008
Description: Pro Se Gen. Civil

## COMPLAINT AND JURY DEMAND

As and for his Complaint, the Plaintiff, Kennedy Schuler ("Schuler")

hereby alleges as follows:

I.    PARTIES

1.    The Plaintiff, Kennedy Schuler ("Schuler"), is a resident

of the District of Columbia, and is currently housed at the Rivers

Correctional Institution, located at 145 Parker Fishery Rd., Winton,

North Carolina 27986, which is a facility administered by Defendant

GEO Group, Inc.

2.    The Defendant GEO Group, Inc. ("GEO"), is a for-profit

corporation formed and existing under the laws of the State of

Florida, and having its principal place of business in the State of

Florida. GEO is in the business of building, owning, operating, and

managing correctional, detention, mental health, and residential

treatment facilities in the United States and around the world.

GEO is a publicly-traded corporation and is listed on the NYSE under

ticker symbol "GEO." As of December, 2006, GEO reports that it

operated a total of 62 correctional, detention and mental health

facilities with a capacity of over 54,000 beds. In 2006, GEO had

RECEIVED

DEC 1 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

revenues totalling over $860 million and profits of over $30 million. One of the correctional facilities built, owned, operated, and managed by GEO, pursuant to a written contract with the BOP, is Rivers Correctional Institution ("Rivers"). At all times relevant to this Complaint, Defendant GEO had undertaken the duty to provide Constitutionally adequate medical care owed to Plaintiff Schuler by Defendant United States of America acting through the BOP.

3.      Defendant the United States of America, pursuant to federal law, has mandated that its department, the BOP, have the responsibility for over-seeing, controlling, managing, and supervising the federal prison system, including Rivers, and those persons incarcerated therein.

4.      Defendant Harley Lappin is employed by the BOP as its Dirctor. As the Director of the BOP, Defendant Lappin is charged with the custody and care of each of the inmates, including the Plaintiff, at the Rivers facility. Defendant Lappin is responsible for overseeing the administration of the BOP and approving all BOP policies relating to the treatment of persons under its care, including those persons incarcerated at Rivers. At all times relevant to this COmplaint, Defendant Lappin, was acting as an employee and agent of Defendant United States of America.

II.    JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, and §1343.

6.      This Court has personal jurisdiction over each of the Defendants.

7.      Venue of this action properly lies in the District of Columbia pursuant to 28 U.S.C. §§1391(b), (c), and (e).

-2-

IV.    STATEMENT C    ACTS

8.    The Plaintiff certifies that he has exhausted the Administrative REmedy procedures at the facility and attaches a copy of his Administrative Remedies and other forms as Plaintiff's Exhibit A.

9.    Proximate to the date of,  March 18, 2007, the Plaintiff was seen by Dr. Lassiter, the Rivers physician, and prescribed medication, which caused injury to the Plaintiff as described in the "GEO/RCI ATTEMPT AT INFORMAL RESOLUTION" Plaintiff Exhibit A, at 1.

10.    Proximate to the date of March 22, 2005, the Plaintiff filed a "GEO/RCI ATTEMPT AT INFORMAL RESOLUTION," which was received by the facility staff on or about March 23, 2005, and the said resolution was unsuccessful, See Plaintiff Exhibit A, at 1.

11.    Proximate to the date of August 17, 2006, a Step 1, Administrative Remedy was filed, in regards to an evaluation with the facilty and outside physicians, with regards to the Plaintiff's rectum and colon, which had previously on October 13, 2005, been found to have polyps. See Plaintiff Exhibit A, at 2 and 3.

12.    Proximate to the date of September 8, 2006 to September 11, 2006, a Step 2, Administrative Remedy was filed, and returned unaccomplished.

13.    Proximate to the date of October 5, 2006, a Regional Administrative Remedy Appeal was filed to which no response was reeived.

14.    Proximate to the date of April 2, 2007, another Administrative REmedy (Step 2), was filed and again returned with a runaround answer by the Defendant GEO Group.

-3-

15.    Given the excruciating pain and discomfort by the Plaintiff with regards to his medical problems as described in his Exhibit A, he has tried in vain to get medical treatment from the Defendant GEO Group, and been routinely passed over for such treatment because some nurses explained, "an x-ray is too expensive," "just live with it...life is not fair," and in some instances, threatened with disciplinary infractions for filing an Administrative Remedy in the first place.

16.    As a result of the Defendants conduct, the Plaintiff continues to be denied adequate medical care, and has suffered substantial pain and suffering as a result of the Defendants joint conduct.

17.    The Plaintiff, incorporates by reference, the Statements set forth in Plaintiff's Exhibit B, which is a true and accurate copy of a class action lawsuit filed against the Defendants by the Washington Lawyer's Committee for Civil Rights and Urban Affairs, and Convington & Burlington, LLP, entitled Mathis v. GEO Group, Inc., et al, Case No. 1:07-CV-0115 (RMU), in the District of Columbia. The said lawsuit sets out the completely inadequate and degrading healthcare provided for by the Defendants on behalf of the inmate population, whose care and well-being is in their control.

18.    The Plaintiff incorporates by reference the claims for relief outlined in the Plaintiff's Exhibit B, including Count I (Declaratory and Injunctive Relief), Count II (Violations of the Rehabilitation Act), Count III (Negligence), and Count IV (Third-Party Beneficiary).

-4-

WHEREFORE, the laintiff requests that the Court grant him the following relief:

(a)    Adjudge and declare that the organizations, systems, policies, as well as, practices and conditions described above and in the exhibits, violate the rights of the Plaintiff under the Eigth Amendment to the United States Constitution;

(b)    Adjudge and declare that the organizations, systems, policies, as well as, practices and conditions described above and inthe exhibits, violate the rights of the Plaintiff under Section 504 of the Rehabilitation Act, as amended;

(c)    Adjudge and Declare that the organization, systems, policies, practices and conditions breach a contractual duty owed to the Plaintiff as set forth in the attached Exhibits;

(d)    Preliminary and permanently enjoin the Defendants, their agents, employees and all persons acting in concert with them, from subjecting the named Plaintiff to the said system of medical care and practices;

(e)    Award the Plaintiff, compensatory and actual damages of at least $1,000,000;

(f)    Appoint Counsel for the Plaintiff, to continue the prosecution of this action;

(g)    Award the Plaintiff, puinitive and exemplary damages to the extent allowed by law, of at least, $5,000,000;

(h)    Award the Plaintiff all costs and expenses incurred in this suit;

Respectfully submitted,
KENNEDY SCHULER;

Kennedy Schuler
Reg. No. 02045-000

-5-

Rivers Correctional Inst.
145 Parker Fishery Rd.
Winton, NC 27986
(252) 358-5200 Tel

EXHIBIT A

EXHIBIT A

BP-S148.055 **INMATE REQU.  ! TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) | DATE: |
|---|---|
| Ms. Kehl, Medical Director   Keel | 21 March 05 |
| FROM: Kennedy Shuter Bey | REGISTER NO.: ~~0274~~ 02045-000 |
| WORK ASSIGNMENT: FS PM | UNIT: B3 103 U |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

I need to see ~~the~~ you immediately pertaining to
my health. I saw Dr. Lassiter on the 18 Mar '05
about my need of a respirator which is in my medical
records. I've been attempting to get this medical device
since Feb '05 without any type of sucess. Will you please
look into this matter, because I having great difficulty
breathing during sleep.

Received & Reviewed: 3/22/05
                     4-6-05

(Do not write below this line)

DISPOSITION:

Your request has been referred to J. Keel, HSA.

| Signature Staff Member | Date |
|---|---|
| M Groedun, RN | 3/22/05 |

Record Copy - File; Copy - Inmate          **This** form replaces BP-148.070 dated Oct 86
(This form may be replicated via WP)       **and BP**-S148.070 APR 94





# The George Washington University Hospital

### CLINICAL NEUROPHYSIOLOGY LABORATORY

**NAME OF PATIENT:**   KENNEDYSHULER, KENNETH

**DATE OF BIRTH #:**   08/14/63

**MEDICAL RECORD NUMBER:**   3263591

**REFERRING PHYSICIAN:**   M. HERMAN, M.D.

**DATE OF PROCEDURE:**   06/14/02

### POLYSOMNOGRAM

*1/16/03*

**HISTORY:** The patient is 39 years old, moderately overweight with a history of loud snoring and daytime sleepiness. He was referred in to the Sleep Center for an overnight polysomnogram to assess the possibility of underlying sleep apnea. The overnight study was performed on 06/14/02.

**REPORT:** Total sleep time was 425 minutes, 69 minutes of which were in REM sleep and the rest in non-REM sleep. Sleep latency was 1 minute and the latency of the first REM period 68 minutes. Sleep architecture was remarkable for frequent microarousals related to apnea. During non-REM sleep, 241 obstructive apneas, 10 central apneas, 177 mixed central and obstructive sleep apneas and 3 hypopneas were seen. The average duration was 28 seconds with the longest being 58 seconds. Oxygen saturation dropped down from a baseline of 100 to a mean of 93%, with the lowest oxygen saturation being below 50%. During REM sleep, 64 obstructive apneas, 3 central apneas and 10 mixed central and obstructive apneas were noted. The average duration was 35 seconds with the longest being 70 seconds. Oxygen saturation dropped below 50% during REM sleep as well. The overall respiratory disturbance index for the night was 72.

**IMPRESSION:** The overnight polysomnogram shows a severe degree of mixed central and obstructive sleep apnea (780.53). Given these findings and the patient's complaints, a trial of nasal CPAP therapy is recommended if the ENT examination is unremarkable.

Samuel Potolicchio, M.D.

DICTATED BY: SAMUEL POTOLICCHIO, M.D./65901
D: 07/02/02   T: 07/03/02
Job: 32389/264

*Released*

# GEO/RCI ATTEMPT AT INFORMAL RESOLUTION
## (Request for Administrative Remedy)

Date Rev'd

JUN 06 2006     (Staff)

To: _Vann_
(Counselor)

**I.** Write in this space, briefly, your complaint. Include all details and facts which suppor your request.

_On 10/13/05 I went to Halifax Regional Medical Center to have a Colonoscopy procedure which I'm told that two polyps were removed at that time. Since the procedure was done, I have lost all of my functions as far as my bowel area. I've been putting in request to see Dr. Lassiter concerning this matter, which I can't get any answers._

**2.** What action do you wish to be taken to correct the situation?

_I would like to have a logical explanation as to what is going on with my body and have the procedure corrected if possible._

Kennedy Sab...Sey     Inmate Name/Signature

020-45-xxx     Reg. No.

B-3     Unit/Bed

6/6/06     Date

**3.** State Clearly staff efforts to resolve the matter informally. Be specific, but brief and provide to inmate.

_After investigating this issue and speaking with Dr. G. Lassiter, I was advised by him, to inform you that this situation would be addressed by him during a sick call visit, that you would need to put in a sick call request._

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The Informal Resolution Was/(Was Not) (circle one) accomplished for the above noted reason.

Ken... Sab...     Inmate Signature

6/12/06     Date

C. Vann     Counselor Signature

6/12/06     Date

Revised 01/21/04
pch

Kennedy Shuler-Bey
Fed. Reg. #02045-000
C.I Rivers
P.O Box 630
Winton, N.C. 27986

Mr. Jaweise, Esquire
Attorney At Law
1825 L Street, N.W.
Washington, D.C. 20007

   RE:  **Kennedy Shuler-Bey (Medical Negligence)**

Dear Attorney Jaweise,

      I am writing oyu in reguards to a critical situation, that
has an enormous affect on my physical. I was sent to the
Halifax Regional Medical Center, nearby Ahoskie, North Carolina.
I was referred there to physician Nagarjuna Yerra, M.D., who is
a private physician, by Gaddy Lassiter, who is the physician at
Rivers Correctional Institution. I was sent to the Medical Ctr.
on October 13, 2005, for a rectal exam, and a Colonoscopy, where
my polyscolon was removed. Since this date, and event, I have
been enduring complications with my sexual organ. I have not been
able to get an erection, which is ostensibly abnormal. I have
been submitting requests to the medical department, and have been
denying me the proper medical treatment. I have not been checked
out or provided the opportunity to receive medical consultation.
Perhaps, this complication may evolve from something that the
physician has done. I would like to know what this malfunction
is. Also, I have a Bureau of Prisons Consent to Release Medical
Information. Attached is a copy of my Colonoscopy Procedure
Report, an institutional Administrative Remedy at Informal
Resolution, and a Bureau of Prisons Consent to Release Medical
Information. I am in Bureau of Prisons custody in a private prison
facility contracted with the Federal Bureau of Prisons to house
Federal inmates. The medical department is also in violation of
the contract between the BOP and GEO Group, and also American
Correctional Association, and Joint Commission on Accreditation
of Health Organizations (JCAHO) provisions.I desire to pursue
civil litigation against mentioned parties for medical negligence
      I would like the available assistance from you. Your time,
patience, and assistance is greatly appreciated.

₿ Rivers C.I medical department is also in violation and non-
compliance with Code of Federal Regulations and Bureau of Prisons
policy 6000.05.

Your expeditious renderance to this correspondence is also greatly
appreciated.

Cordially,

Mr. Kennedy Shuler-Bey
_____
Kennedy Shuler-Bey

o,8,18,07
_____
Date



**The GEO Group, Inc.**

Correctional Progra
Administrative Remed

# Rivers Correctional Institution
## Step 1 Administrative Remedy Form
### Paso 1 Forma De Remedio Administrativo

| Name: Kennedy Shuler-Bey Nombre: | Number: 02045-000 Numero: |
|---|---|
| Date: August 16, 2006 Fecha: | Housing Assignment: B-3- Unidad Asignada: |

### For Official Use Only - Para Uso Oficial Solamente

| Date Received: 8/17/06 | Remedy #: 06-197 | Date Due: 9/18/06 |
|---|---|---|

### Complaint - Reclamo

**Describe your complaint in the section below. Be as concise as possible, but be sure to include enough identifyin data to assist in a through investigation (e.g. dates, names, locations, times, etc...) Attach one (1) additional pag if necessary and the Informal Resolution Form with any other supporting documentation.**

**Describa su telaino en la seccion de abajo. Dea lo mas breve posible, pero asegurese de incluir suficient informacion para asistir en una completa investigacion (pe.. Fechas, nombres, ubicaciones, tiempos, etc... Agregue una pagina si es necesario.**

I have submitted several medical sick call forms to the facility and have not been seen by the Doctor as of yet. I am continuing to have rectal disfunctions, and must no why.

I have not seen the Dr here, as was indicated on 8/14/06 on the remedy responce that came back to me 9/list06 8/17/06 and I submited the remedy on 6/6/06 and the problem been since nov 05

_Kennedy Shuler-Bey_
**Inmate Signature**

**Administrative Remedy**
**Step 1 – Response**


Date Filed: 08-17-06                    Remedy ID No. 06-197


Shuler, Kennedy
Reg # 02045-000

This is in response to your step 1 Administrative Remedy dated August 16, 2006, in which you are requesting to be evaluated by the physician for your problems with your rectum.

You have been scheduled to see the physician on 8-24-06 to address your condition with your rectum.

After a thorough review of the circumstances pertaining to your requested Administrative Remedy, we find that there is no evidence to support your grievance.

Based on the above information your request for Administrative Remedy is denied.

If you are not satisfied with this response, you may obtain a Step 2 from your Counselor. As per RCI policy 12.006, Administrative Remedies, "Step 2 forms must be completed and submitted within five (5) days of the date of the Step 1 response.


8-22-06
_____
Date

_____
J. Keel
Health Services Administrator



The GEO Group,

SEP 11 2006

DATE RECEIVED

# Rivers Correctional Institution
## Step 2 Administrative Remedy Form
Paso 2 Forma De Remedio Administrativo

| Name: kennedy shuler-Bey<br>Nombre: | Number: 02045-000<br>Numero: |
|---|---|
| Date: september 8, 2006<br>Fecha: | Housing Assignment: $B$-3<br>Unidad Asignada: |

### For Official Use Only - Para Uso Oficial Solamente

| Date Received:<br>9/11/06 | Remedy #:<br>06-197 | Date Due:<br>10/11/06 |
|---|---|---|

### Complaint - Reclamo

**Describe your complaint in the section below. Be as concise as possible, but be sure to include enough identifying data to assist in a through investigation (e.g. dates, names, locations, times, etc...) Attach one (1) additional page if necessary and the Informal Resolution Form and Step 1 response with any other supporting documentation.**

**Describa su telaino en la seccion de abajo. Dea lo mas breve posible, pero asegurese de incluir suficiente informacion para asistir en una completa investigacion (pe.. Fechas, nombres, ubicaciones, tiempos, etc...) Agregue una pagina si es necesario.**

On 6-5-06 I, Mr. shuler-Bey submitted a remedy one, and the respond was that I would be seen by a doctor or a medical staff with knowledge of my condition on 8-24-06. To this day I have yet to see anyone about my condition and would like to know why, because my condition has not change and I would like to know when will it be address. I was Informed by the "G.E.O" handbook that my medical needs will be met here at R.C.I. but as of 9-8-06 I have yet to see a doctor or any medical staff concerning my problem. This problem has cause me a lot of stress and head-aces and pain. So please I am asking for some help here. If you read over my Informal resolution and my step one, as well as my colonoscopy, It should be clear that something is wrong with me and need medical attention, because I need to know what is happening to my body/what is wrong with my "Penis and rectum" someone need to give me some answers "PLEASE" THANK YOU.

**Inmate Signature**

**Administrative Remedy**
**Step 2 – Response**

Date Filed: 09-11-06                         Remedy ID No. 06-197

Shuler, Kennedy
Reg # 02045-000

This is in response to your step 2 Administrative Remedy dated September 8, 2006, in which you are requesting information in regards to your rectum and penis.

According to your medical record you have been evaluated by the facility physician several times. There is no indication that further treatment is required at this time. We will continue to monitor your condition as needed.

After a thorough review of the circumstances pertaining to your requested Administrative Remedy, we find that there is no evidence to support your grievance.

Based on the above information your request for Administrative Remedy is denied. You have exhausted all your Administrative Remedies at this level.

_9 - 25 - 06_
Date

G. Snyder
Warden

# Halifax Regional Medical Center
## Colonoscopy Procedure Report

| | | | |
|---|---|---|---|
| **Patient:** | Kennedy Shuler | **Attending Physician:** | Nagarjuna Yerra M.D. |
| **Patient ID/Date of Birth:** | MRN-m000229962/08/14/1963 | **Referring Physician:** | Gaddy Lassiter M.D. |
| **Exam Date:** | 10/13/2005 | **Scope(s) Used:** | CF-Q160L-2517258-10:29-35- |

**Introduction:** A 42 year old male patient presents for an elective outpatient Colonoscopy.

**Indications:**

- Fecal occult blood positive.
- Low hematocrit anemia.

**Consent:** The benefits, risks, and alternatives to the procedure were discussed and informed consent was obtained patient.

**Preparation:** EKG, pulse, pulse oximetry and blood pressure were monitored throughout the procedure.

**Medications:**

- Versed 6 mg IV
- Demerol 100 mg IV

**Rectal Exam:** Normal rectal exam.

**Procedure:** The colonoscope was passed with ease through the anus under direct visualization; it was extended to the cecum, confirmed by landmarks. The scope was withdrawn and the mucosa was carefully examined. The quality of the preparation was good. The views were good. The patient's toleration of the procedure was good. Retroflexion was performed in the rectum.





polyp(s)-colon

**Findings:** Two polypoid pedunculated polyps, measuring between 5 and 10 mm in size, were found in the descending colon. It and showed no bleeding stigmata.  All polyps were removed by snare cautery polypectomy. The polyps were not retrieved because a pt was very uncooperative. Internal grade I hemorrhoids were found. The hemorrhoids were not bleeding.

**Unplanned Events:** There were no unplanned events.

**Summary:**

- Two polypoid pedunculated polyps found in the descending colon; all polyps removed by snare cautery polypectomy.
- Internal hemorrhoids (455.6).

**Recommendations:**

- Follow-up appointment with Dr. Nagarjuna Yerra in 2 weeks.
- Colonoscopy recommended in 1 year.

**Procedure Codes:**

- 45385: Colonoscopy with snare polypectomy

Nagarjuna Yerra M.D.

Report electronically signed by Dr. Nagarjuna Yerra, M.D. on 10/13/2005 at 11:15



August 16, 2006


To:  Mr. Jaweise, Esquire
     Attorney at Law
     1825 L Street, N.W.
     Washington, DC 20007


Dear Mr. Jaweise,


     I am writing you in regards to a critical situation, that
has an enormous affect on my physical.  I was sent to the Hal-
ifax Regional Medical Center, nearby Ahoskie, North Carolina.
I was referred there by the head Doctor, Mr. Gaddy Lassiter.
I was seen by the physican at the Medical Center, a Dr. Naqar-
juna Yerra, MD., who is a private physican.  I was sent to the
Medical Xenter on October 13, 2005, for a rectal exam, and a
Colonoscopy, where my polyscolon was removed.

     Since that date, and operation, I have been enduring com-
plications with my sexual organ, i.e., Penis.  I have not been
able to get an erection, which is ostensibly abnormal.  I have
been submittin request to the Medical Department, and have be-
en denied proper medical treatment thus far.  I have not been
examined or provided the opportunity to receive Medical Consu-
ltation.  Perhaps, this complication may evolve from something
that the physican has done.

     I would like to know what this malfunction is, and also,
the Bureau of Prisons consent to release medical information
is enclosed.  Attached is a copy of my Conlonscopy Procedure
Report, an updated Administrative Remedy (Step 1) form, and a
copy of the Informal Resolution formed (Initial Step).  I am
in the Federal Bureau of Prisons custody, housed at The Riv-
ers Correctional Institution, a privately owned facility.

     The Medical Facility here is also in violation of the co-
ntract between the Federal Bureau of Prisons and GEO Group,
and also American Correctional Association, and Joint Commis-
sion on Accreditation of Health Organizations (JCAHO) provis-
ions.  I desire to pursie civil litigation against the fore-
mentioned parties, for medical negligence and mental anguish.

     The Rivers Correctional Institution's Medical Department
is also in violation and non-compliance with Code of Federal
Regulations and Bureau of Prisons policy 6000.05.  Furthermore
for security and private reasons only, I had to forward my
legal concerns to you, via the addressed envelope, because

of the continous delay from your office and have as of yet,
received a reply.  Again, I have enclosed all legal steps I
must take for myself, but your assistance is greatly needed.
Thank you for your valuable time, incredible patience, and
professional understanding and your immediate reply would
be greatly appreciated.


                    Sincerely Yours,

                    Kennedy Shuler-Bey
                    Fed. No. #02045-000
                    R.C.I.
                    P.O. Box 630
                    Winton, NC 27986

Administrative Remedy
Step 2 – Response


Date Filed: 04-02-07                    Remedy ID No. 07-064


Shuler, Kennedy
Reg # 02045-000

This is in response to your step 2 Administrative Remedy dated 03-29-07,  in
which you are requesting the c-pap machine to be repaired.

After further investigation into the matter, it was discovered that the mask
contained a leak that can not be repaired.  A new mask will be purchased for you
to use.

After a thorough review of the circumstances pertaining to your requested
Administrative Remedy we find that there is evidence to support your grievance,
therefore your request for Administrative Remedy is granted.

You have exhausted all of your Administrative Remedies at this level.

*4-23-07 -K.S.*

_____          _____
          Date                            G. Snyder,  Warden



 **GLOBAL EXPERTISE IN OUTSOURCING**

**Correctional Programs**
**Administrative Remedies**
**Admin Coordinator**

## Rivers Correctional Institution
## Step 2 Administrative Remedy Form
Paso 1Forma De Remedio Administrativo

**APR 0 2 2007**

**DATE RECEIVED**

| Name:<br>Nombre: | KENNEDY SHULER | Number:<br>Numero: | 02045-000 |
|---|---|---|---|
| Date:<br>Fecha: | March 29, 2007 | Housing Assignment:<br>Unidad Asignada: | B-3-211 |

### For Official Use Only - Para Uso Oficial Solamente

| Date Rec'd:<br>4-2-07 | Complaint #:<br>07-064 | Staff Assigned: | Date Due:<br>5-11-07 |
|---|---|---|---|

### Complaint - Reclamo

Describe your complaint in the section below. Be as concise as possible, but be sure to include enough identifying data to assist in through investigation (e.g. dates, names, locations, times, etc..) Attach one (1)additional page if necessary.

Describa su telaino en la seccion de abajo. Dea lo mas breve posible, pero asegurese de incluir suficiente informacion para asistir en una completa investigacion (pe.. Fechas, nombres, ubicaciones, tiempos, etc....) Agregue una pagina si es necesario.

I disagree with the Administrative Remedy No. 07-064. As stated before the c-pap machine is still inoperative. I have been back to the medical department because of my sleep apenea and have not been able to use the c-pap machine. As stated before this is a "VERY SERIOUS" MEDICAL PROBLEM THAT I have. The medical department is not trying to provide me with the medical care that I need for my condition or safety.

*Kennedy Shuler*

Inmate Signature



## Administrative Remedy
### Step 1 – Response

Date Filed: 03-01-07        Remedy ID No. 07-063

Shuler, Kennedy
Reg # 02045-000

This is in response to your step 1 Administrative Remedy dated February 20, 2007 in which you are requesting to be evaluated by a specialist for your abdomen.

According to your medical record, there is not an indication for you to be evaluated by an outside specialist at this time. We will continue to monitor your condition as needed.

After a thorough review of the circumstances pertaining to your requested Administrative Remedy, we find that there is no evidence to support your grievance.

Based on the above information your request for Administrative Remedy is denied.

If you are not satisfied with this response, you may obtain a Step 2 from your Counselor. As per RCI policy 12.006, Administrative Remedies, "Step 2 forms must be completed and submitted within five (5) days of the date of the Step 1 response.

3-20-07
_____
Date

J. Keel
Health Services Administrator

**GEO**
The GEO Group, Inc.

Correctional
F  rams

## Rivers Correctional Institution
## Step 1 Administrative Remedy Form
Paso 1 Forma De Remedio Administrativo

| Name: Kennedy Shuler-Bey <br> Nombre: | Number: 02045-000 <br> Numero: |
|---|---|
| Date: 02-20-07 <br> Fecha: | Housing Assignment: B3-211 <br> Unidad Asignada: |

### For Official Use Only - Para Uso Oficial Solamente

| Date Received: <br> 3/1/07 | Remedy #: <br> 07-063 | Date Due: <br> 3/30/07 |
|---|---|---|

### Complaint - Reclamo

Describe your complaint in the section below. Be as concise as possible, but be sure to include enough identifying data to assist in a through investigation (e.g. dates, names, locations, times, etc...) Attach one (1) additional page if necessary and the Informal Resolution Form with any other supporting documentation.

Describa su telaino en la seccion de abajo. Dea lo mas breve posible, pero asegurese de incluir suficiente información que ayude en una completa investigacion (pe.. Fechas, nombres, ubicaciones, tiempos, etc...) Adjunte una pagina si es necesario..

As Stated in the attached informal Resolution, I did see the doctor on 2-15-07, at this time he examined by feeling my stomack and he said that he could feel the lumps and that they were caused my my playing football, the rediculous thing about this statement is that I have never played football or any other physical sport that could cause me to have these lumps in my stomack, Dr. Lassitter made this determination without ever having had any exray or sonargram made to see what these lumps are and whether or not they could be or are cancerours as I have stated in my Informal Resolution. Since I know that these lumps in my stomach are not cause by my playing football or any other sport, I feel that I should be sent to a specialist and to have the specialist perform exrays or sonargram and whatever other tests that are needed to determine what is causing these lumps in my stomach and what they are. This is a emergency medical care and treatment request and it should be taken very seriously because pursuant to Title 18 USC §4042, I have a statutory right to proper medical care and treatmen and Dr. Lassiter by casually examining me and giving me senseless reason or cause for these lumps in my stomach is utterly ridiculous.

_Kennedy Shu____

Inmate Signature

# GROUP ATTEMPT AT INFORMAL RESOLUTION
## (Request for Administrative Remedy)

FEB 08 2007

**To:** Ms. Vann - B Unit Counselor

**(Counselor)**

Date Re

(Staff)

B-2007-012

**I.** **Write in this space, briefly, your complaint. Include all details and facts which support your request.**

On November the 13, 2005 I went out to the hospital to have a colonoscophy at the Halifax Medical Center. About a year later I noticed that I began to develope paulips and lumps in my stomach. I spoke with Ms. Kill, Ms. Brown, Ms. Lassiter and they informed me to wait six to eight weeks and I would like to find out why they have done nothing to find out if they are cancerous or what. They did not began to develope until after I went to the hospital and had the colonoscophy done. I would think that after he did the colonoscophy that they would have seen or noticed these lumps and growths in

**2.** **What action do you wish to be taken to correct the situation?** **(over)**

I want them to provide me with the propermedical care and treatment here at Rivers C.I. or transfer me to a Federal Bureau of Prisons facility where I know they will provide me with the proper medical care and treatment for this condition or medical problem. I think this should be done immediately.

| Kennedy Shuler | 02045-000 | B3-211 | 01-31-07 |
|---|---|---|---|
| **Inmate Name/Signature** | **Register #** | **Unit/Bed** | **Date** |

**3.** **State, clearly, staff efforts to resolve the matter informally. Be specific, but brief and provide to inmate.** You have been scheduled to see the Doctor. Watch the callout for your appointment time.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The Informal Resolution Was (Was Not) (circle one) accomplished for the above noted reason.

| X Shuler | 2-13-07 | J Alexander | 2/13/07 |
|---|---|---|---|
| **Inmate Signature** | **Date** | **Counselor Signature** | **Date** |

**GEO/RCI ATTEMPT AT INFORMAL RESOLUTION**
(Request for Administrative Remedy)

MAR 2 2 2005

Date Rcv'd 3/23/05
(Staff) Ashe

To: R. Ashe
(Counselor)

I.    Write in this space, briefly, your complaint. Include all details and facts which support your request.

On the 18 Mar'05, I was seen by Dr. Lassiter about a rash on my penis. At that time he prescribed Micadeem. After using this medication both the symptoms and rash became further irritated causing the rash to spread. On 21 Mar '05 after speaking with Ms. Kehl, Medical Director; I was once again seen by Dr. Lassiter who now says there is no rash, Yet I still have both the rash and symptoms.

2.    What action do you wish to be taken to correct the situation?

I would like to be seen by a Dermatologist or medical personnel who would give me an unbiased Diagnosis of this problem. Also if this medical attention is not available here, then I request to be transferred to a B.O.P. facility that offers these medical services.

Kennedy Shuler / Kennedy Shuler    02045-000    B3 103 U    22 Mar. 05
Inmate Name/Signature    Reg. No.    Unit/Bed    Date

3.    State Clearly staff efforts to resolve the matter informally. Be specific, but brief and provide to inmate.

Your request to staff noted March 22, 2005, in regards to a rash on your penis has been investigated and my findings were as follows: Mr. Brown, RN Supervisor, states that you were seen in Medical on 3/21/05 by Dr. Lassiter. He continued to state that Dr. Lassiter instructed you to continue the use of the miconazole cream as

Continued —

*****************************************************************

The Informal Resolution Was Was Not (circle one) accomplished for the above noted reason.

3/25/05
Inmate Signature    Date

3/25/05
Counselor Signature    Date

Revised 01/21/04
pch

prescribed. Lastly, Mr. Brown stated that Dr. Lassiter found no significant finding upon examination.

1-of

**U.S. Department of Justice**
Federal, Bureau of Prisons

Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: **KENNEDY SHULER BEY**          **02045-000**          **B/3**          **R.C.I.**
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A - REASON FOR APPEAL**

Book

The medical attention that is denied me here at River Correctional Inst. is required by both the B.O.P. & G.E.O., per the hand B.O.P. policy P6270.01(2.a & b) provides that timely health care will be given to each inmate. MRC VS. INSTITUTION Vs. COMMUNITY HOSPITAL), but the policy is not being followed. This policy must follow (APA) stan ards as defined in the Accardi Doctrine that state policy and rules tak on the same effect as laws and must be followed to the letter. Here the policy dictates that the inmate medical need <u>will</u> be <u>met</u>, <u>clearly the word will</u> requires the medical department is responsible for the care taken of each inmate. I am being denied medical treatment throu neglect and this offends due process and amount to cruel and unusual punishment afforded by the U.S. Const. Amend. 5,8 &

Via Certified # 7002 3150 0004 2814 4364

10, 5, 06
DATE

MR. Kennedy Shuler Bey
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____          _____
DATE                              REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE          CASE NUMBER: _____

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION
SUBJECT: _____

_____                    _____
DATE                                      SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN          PRINTED ON RECYCLED PAPER


**DC General Ambulatory and Emergency Care Centers**
Operated by Greater Southeast Community Hospital

## AMBULATORY/COMMUNITY HEALTH CARE PATIENT EXIT INSTRUCTION FORM

**CLINC:** ☑ **Ambulatory** *Pulmonary* ☐ **CHC** _____

| | | |
|---|---|---|
| **Name of Drug:** | ☐ Yes ☐ No | **Verbal/Written Instructions:** ☑ Yes ☐ No |
| **Purpose of Drugs:** | ☐ Yes ☐ No *NONE* | _____ |
| **Side Effects:** | ☐ Yes ☐ No | _____ |

| ACTIVITY ☐ N/A | FLUID & DIET ☐ N/A | ENVIRONMENT/EQUIPMENT NEEDS ☐ N/A |
|---|---|---|
| AD LIB | Low Salt Low Fat | No |

**SPECIAL INSTRUCTIONS:** Call your doctor or seek treatment if any of the following occurs:

_Call for appointment after 1 month after being on CPAP machine. See Physician's Notes. (202-548-6217 6218)_

**APPOINTMENT (S):**
CLINC: *Pulmonary* ____ DATE: ____ TIME: ____
CLINC: ____ DATE: ____ TIME: ____
Referral(s): _____

I have participated in the development of my plan of care.
I have received a copy of the discharge instruction record and understand the instructions.
Signature of Patient/Significant Other: _____ Date: 10/22/03

Print Name (RN): *Menay Whyte* Full Signature/Title: *w* Date/Time: 10/22/03

Name of Physician: *Dr Herman for Dr Trotman* Clinic/Phone No: 202-548/6232

*Dr Trotman*

**PATIENT IDENTIFICATION**

SCHULER, KENNEDY ALFRED
M10237540   V00000383131
08/14/63 40       M  2
Phys: HERMAN, MONTE
DOS: 10/22/03

COMPLETED

AMBULATORY/COMMUNITY HEALTH CARE PATIENT EXIT INSTRUCTION FORM
DCG 2016  11/01   white copy: chart