IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNEDY SCHULER,           )
                                     )
          Plaintiff,      )
                                     )
v.                             )     **Case No. 1:08-cv-00065-ESH**
                                   )
GEO GROUP, INC., et al.    )
                                   )
          Defendants.    )

## DEFENDANT GEO GROUP, INC.'S MOTION TO DISMISS

Defendant GEO Group, Inc., by and through counsel, moves the Court to dismiss Plaintiff's claims pursuant to Rule 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and improper venue. The grounds in support of this Motion are set forth in the accompanying brief.

This the 3rd day of June, 2008.

Respectfully submitted,


   /s/ Deborah J. Israel
Deborah J. Israel (DC Bar No. 430841)
Womble Carlyle Sandridge & Rice, PLLC
1401 Eye Street, NW, 7th Floor
Washington, DC  20005
(202) 857-4466
*Counsel for Defendant GEO Group, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 3, 2008, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system, which will send a copy to the following:

> Christian Alexander Natiello, Esq.
> United States Attorney's Office
> 555 Fourth Street, NW
> Room E-4112
> Washington, DC  20006-2401
> christian.natiello@usdoj.gov
> *Attorneys for United States of America,*
> *Bureau of Prisons and Harley Lappin*

It is further certified that on June 3, 2008, a copy was served upon the following non-

CM/ECF participant by placing said copy in a postage paid envelope and addressed to the

person(s) hereinafter named, at the place(s) and address(es) stated below, which is/are the last

known address(es), and by depositing said envelope and its contents in the United States Mail,

First Class.

> Kennedy Schuler
> R02045-000
> Rivers Correctional Institution
> P. O. Box 630
> Winton, NC  27986-0630
> *Pro Se Plaintiff*

                                        /s/ Deborah J. Israel
                                        Deborah J. Israel

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNEDY SCHULER,                    )
                                    )
            Plaintiff,              )
                                    )
v.                                  )        **Case No. 1:08-cv-00065-ESH**
                                    )
GEO GROUP, INC., et al.             )
                                    )
            Defendants.             )

---

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GEO GROUP, INC.'S MOTION TO DISMISS

Plaintiff Kennedy Schuler ("Schuler") filed this action in the United States District Court for the District of Columbia seeking declaratory, monetary, and injunctive relief for alleged violations of his rights under the Eighth Amendment to the Constitution, a violation of his rights under the Rehabilitation Act, negligence, and breach of contract.

Schuler named United States of America ("USA"); Federal Bureau of Prisons ("BOP"); Harley Lappin ("Lappin"); and GEO Group, Inc. ("GEO") as defendants in this action. GEO now files the present memorandum of points and authorities in support of its Motion to Dismiss.

### STATEMENT OF THE FACTS

Schuler, a former inmate at Rivers Correctional Institution, alleges that he received inadequate medical care for a variety of conditions. Schuler wished to obtain treatment for sleep apnea, erectile dysfunction, a rash, and lumps in his stomach. (Compl. Ex. A.) It appears that Schuler received treatment for these conditions, but he was dissatisfied with the treatment or the failure of the treatment to resolve his complaints. (Compl. Ex. A.)

## I.    THE COURT SHOULD GRANT GEO'S MOTION TO DISMISS AS THIS COURT LACKS PERSONAL JURISDICTION OVER GEO

Schuler cannot establish that this Court has personal jurisdiction over GEO.  In order for personal jurisdiction to exist, GEO must consent to this Court exercising personal jurisdiction over them – which it has not – or Schuler must establish that this Court's exercise of jurisdiction over GEO meets the requirements of the District of Columbia's long-arm statute and the Due Process Clause of the Fifth Amendment.  *See United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995).  This Court has recently reviewed the standard for exercising jurisdiction over out-of-state defendants such as GEO:

> According to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff has the burden of proving that the court has personal jurisdiction over the defendant by showing that the defendant purposefully availed himself of the benefits of the forum state by establishing minimum contacts and that the exercise of jurisdiction would comport with notions of fair play and substantial justice. "Bare allegations and conclusory statements are insufficient" to establish personal jurisdiction over a defendant.  The plaintiff must instead "allege specific facts connecting each defendant with the forum state."

*Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 229 (D.D.C. 2007) (citations omitted).  In this case, Schuler failed to allege facts necessary to establish this Court's jurisdiction over GEO. Thus, GEO's Motion to Dismiss should be granted.

### A.    THE DISTRICT OF COLUMBIA CODE DOES NOT PROVIDE FOR THE EXERCISE OF JURISDICTION OVER GEO

A number of statutory provisions govern the exercise of jurisdiction by courts within the District of Columbia over individuals situated outside the District of Columbia, none of which apply to GEO.  As GEO is an out-of-state party, Schuler must establish that GEO's actions fall within the provisions of D.C. Code § 13-423(a).  In relevant part, § 13-423(a) states: "[a] District of Columbia court may exercise personal jurisdiction over a person, who acts directly or

by an agent, as to a claim for relief arising from the person's – (1) transacting any business in the District of Columbia…." D.C. Code §§ 13-423(a)(1).

The government contacts exception to the "transacting business" prong of the District's long-arm statute precludes consideration of these acts in a jurisdictional analysis. "The government contacts principle establishes that entry into the District by nonresidents for the purpose of contacting federal governmental agencies cannot serve as a basis for personal jurisdiction." *Freiman v. Lazur*, 925 F. Supp. 14, 24 (D.D.C. 1996).

This Court's decision in *Savage v. BioPort, Inc.*, 460 F. Supp. 2d 55 (D.D.C. 2006), illustrates why GEO's contacts with the BOP are insufficient to satisfy the transacting business prong of the District's long arm statute. In *Savage*, the plaintiff sought to hold the defendant, a corporation with its principal place of business in Michigan, liable for the plaintiff's adverse reaction to an anthrax vaccine administered to him while he was in the Army. *Id.* at 57-58. In attempting to determine whether any of the plaintiff's claims arose out of BioPort's transaction of business within the District, the court stated, "[t]he only contacts [within the District of Columbia] that might give rise to Savage's claims are BioPort's contracts with [the Department of Defense]." The court held that BioPort's contracts with the Department of Defense – and the attempts to win the contracts – could not serve as the basis for personal jurisdiction. *Id.* at 62 ("BioPort's contacts with DoD were made in an attempt to influence government action to purchase [their product]; therefore, its contacts are excluded by the government contacts principal from establishing jurisdiction in the District of Columbia.").

Similarly, in this case, Schuler cannot point to any business transacted in the District of Columbia by GEO other than its contracts with the federal government and its attempts to obtain

those contracts. Thus, as Schuler cannot establish that this Court may exercise personal jurisdiction over GEO, Schuler's claims against GEO must be dismissed.

**II.  IF THE COURT DOES NOT DISMISS THIS ACTION, SCHULER'S CASE SHOULD BE DISMISSED FOR IMPROPER VENUE**

In the event that the Court determines that it has personal jurisdiction over GEO, the Court should dismiss this action pursuant to Rule 12(b)(3) for improper venue. This Court has uniformly and unanimously determined that the appropriate venue for actions brought against GEO, and its predecessor Wackenhut Correctional Corporation, is the judicial district in which the GEO Group facility in question is located. *See Mathis v. GEO Group, 535 F. Supp. 2d 83 (D.D.C. 2008); Holly v. Scott*, No. 1:07-0729 (D.D.C. Aug. 30, 2007) (attached hereto as Attachment 1); *Jackson v. Fed. Bureau of Prisons*, No. 06-592(GK), 2006 WL 2434938 (D.D.C. 2006) (transferring action to the Eastern District of North Carolina) (attached hereto as Attachment 2, *supra.*); *McCullough v. Bureau of Prisons*, No 05CV374 (HHK), 2006 WL 667166 (D.D.C. 2006) (transferring an action to the Eastern District of California) (attached hereto as Attachment 3); *Rogers v. Fed. Bureau of Prisons*, 357 F. Supp. 2d 147 (D.D.C. 2003) (transferring an action to the Eastern District of California). In this case, as in other cases, venue is inappropriate in the District of Columbia. Dismissal, as opposed to transfer to the Eastern District of North Carolina, is appropriate because the repeated filing of actions by current and former Rivers inmates in the District of Columbia wastes judicial resources and the resources of the defendants while imposing no costs upon the plaintiffs.

Venue is improper in the District of Columbia because Schuler cannot demonstrate that filing this action in the District of Columbia satisfies the provisions of 28 U.S.C. § 1391(b) with

respect to GEO.[1]   Under § 1391(b), when proceeding under this Court's federal question jurisdiction, a civil action

> may … be brought only in
>
> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

None of the three provisions of § 1391 provide for venue in the District of Columbia. GEO is neither a District of Columbia corporation, nor does it have its principal place of business in the District of Columbia.  (Compl. ¶ 2.)  The allegations in the complaint against GEO have little to no connection to the District of Columbia.  Instead, the events giving rise to his claims against GEO took place in the Eastern District of North Carolina at Rivers Correctional Institution.  (Compl. *passim.*)  The third provision does not apply in this case because, as previously indicated, this action may be brought in the Eastern District of North Carolina.  Based upon the foregoing factors, Schuler cannot establish that venue is appropriate against GEO in the District of Columbia.

Schuler's Complaint incorporates by reference another action which was initially filed in the District Court for the District of Columbia, *Mathis v. GEO Group.*  (Compl. ¶ 17.)  *Mathis* involved claims by both current and former Rivers Inmates.  In a February 28, 2008 Order, the

---

[1] Although this action involves a federal agency and an agent thereof, thus implicating 28 U.S.C. § 1391(e), Schuler must still establish that GEO is subject to venue provisions as would be applicable if the United States or one of its officers, employees, or agencies were not a party." 28 U.S.C. § 1391(e).

Honorable Ricardo M. Urbina determined that *Mathis* was improperly filed in the District of Columbia and transferred the action to the Eastern District of North Carolina pursuant to 28 U.S.C. § 1406(a). *Mathis v. GEO Group, Inc.*, 535 F.Supp.2d 83, 86-88 (D.D.C. 2008). Because Schuler's Complaint incorporates the *Mathis* complaint verbatim, this Court should reach the same conclusion that was reached in *Mathis*: a complaint alleging wrongs arising out of Rivers Correctional Institution is improperly filed in the District of Columbia.

This Court should dismiss Schuler's complaint as a result of filing the case in the improper judicial district. While the Court has the authority to grant Schuler a reprieve and transfer this action to the Eastern District of North Carolina, 28 U.S.C. § 1406(a), the dismissal of this action will assist in the conservation of judicial resources. Schuler's Complaint is one of many actions improperly filed by inmates of Rivers Correctional Institution in the United States District Court for the District of Columbia. Actions are improperly filed regardless of whether a party is *pro se*, *see Santiago v. Lappin*, No. 07-528 (transferred *sua sponte* on March 8, 2007) (attached as Exhibit 4), or represented by learned counsel, *see Mathis v. GEO Group*, 535 F. Supp. 2d 83 (D.D.C. 2008) (transferred on February 28, 2007) and *Holly v. Christensen*, No. 07-729 (transferred on August 28, 2007). The Courts in the District of Columbia routinely transfer these actions away from the District of Columbia to the Eastern District of North Carolina.

However, in most cases, the transfers do not occur without a substantial expenditure of resources by both this Court and the defendants. The only party who does not incur any costs as a result of the improper filing are the plaintiffs. By dismissing improperly filed actions, the Court will provide Rivers inmates, both current and former, with an incentive to file actions in the correct judicial district. Filings in the proper judicial district will reduce the resources

necessary to litigate these matters and will provide relief to already clogged judicial dockets by helping these matters reach their conclusion in a timely fashion.

Dismissal is particularly appropriate in this case because Schuler merely incorporates by reference a complaint which seeks class certification. *Mathis*, 535 F. Supp. 2d at 85 ("The plaintiffs filed a proposed class-action lawsuit on behalf of past, present and future prisoners at Rivers Correctional Institute ('Rivers') who are dependent on the institution for medical, dental and mental health care."). If Mathis is certified as a class action, Schuler will be a class member and have his interests represented by the named plaintiffs and their counsel. Thus, GEO requests that its Motion to Dismiss be granted.

## CONCLUSION

Based upon the foregoing arguments and authorities, Defendant GEO's Motion to Dismiss should be granted or, in the alternative, this matter should be transferred to the Eastern District of North Carolina.

This the 3rd day of June, 2008.

Respectfully submitted,

_/s/ Deborah J. Israel_____
Deborah J. Israel (DC Bar No. 430841)
Womble Carlyle Sandridge & Rice, PLLC
1401 Eye Street, NW, 7th Floor
Washington, DC 20005
(202) 857-4466
*Attorneys for defendant GEO Group, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 3, 2008, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system, which will send a copy to the following:

> Christian Alexander Natiello, Esq.
> United States Attorney's Office
> 555 Fourth Street, NW
> Room E-4112
> Washington, DC  20006-2401
> christian.natiello@usdoj.gov
> *Attorneys for United States of America,*
> *Bureau of Prisons and Harley Lappin*

It is further certified that on June 3, 2008, a copy was served upon the following non-

CM/ECF participant by placing said copy in a postage paid envelope and addressed to the

person(s) hereinafter named, at the place(s) and address(es) stated below, which is/are the last

known address(es), and by depositing said envelope and its contents in the United States Mail,

First Class.

> Kennedy Schuler
> R02045-000
> Rivers Correctional Institution
> P. O. Box 630
> Winton, NC  27986-0630
> *Pro Se Plaintiff*

                                        __/s/ Deborah J. Israel_____
                                        Deborah J. Israel

ATTACHMENT 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FILED**

AUG 3 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| **RICKY LEE HOLLY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Civil Action No. 1:07-0729 (RJL)** |
| | ) |
| **WILLIE SCOTT, *et al.*** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

(August 28, 2007) [#4, #7, #8]

Upon Consideration of the Motion to Dismiss, or Alternatively, to Transfer, filed by defendant George Snyder, plaintiff Ricky Lee Holly's indication that he does not oppose the motion to transfer, and the Court having concluded that convenience and justice favor transfer to North Carolina where Snyder resides, the operative facts surrounding Holly's claims took place, and records and most witnesses are located[1], defendant Snyder's motion to transfer pursuant to § 1404(a) is granted. Accordingly, it is hereby

**ORDERED** that defendant's motion to dismiss, or alternatively, to transfer is DENIED in part and GRANTED in part. The motion to dismiss is denied, and the motion to transfer venue to the Eastern District of North Carolina is granted, and it is further,

---

[1] The location of the other defendant, Willie Scott, is unknown. (Snyder Mot. at 8 n.2.)

**ORDERED** that the Clerk of the Court shall transfer this case to the United States District Court for the Eastern District of North Carolina,

It is so **ORDERED**.

_____
**RICHARD J. LEON**
**United States District Judge**

ATTACHMENT 2

Westlaw.

Not Reported in F.Supp.2d                                                Page 1

Not Reported in F.Supp.2d, 2006 WL 2434938 (D.D.C.)

**(Cite as: Not Reported in F.Supp.2d, 2006 WL 2434938 (D.D.C.))**

c

**Jackson** v. **Federal Bureau** of **Prisons**

D.D.C.,2006.

Only the Westlaw citation is currently available.

United States District Court,District of Columbia.

Michael **JACKSON**, Plaintiff,

v.

**FEDERAL BUREAU** OF **PRISONS**, et al., De-
fendants.

**Civil Action No. 06-592(GK).**

Aug. 22, 2006.

Michael Jackson, Winton, NC, pro se.

Eric J. Janson, U.S. Attorney's Office, Paul A. Ka-
plan, Womble Carlyle Sandridge & Rice PLLC,
Washington, DC, for Defendants.

### *MEMORANDUM OPINION*

GLADYS KESSLER, District Judge.

**\*1** Plaintiff, a federal inmate proceeding *pro se,*
brought this action alleging that the Defendants vi-
olated the Religious Land Use and Institutionalized
Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, by
failing to provide him the pork-free diet required by
his religious beliefs. The complaint names as De-
fendants the Bureau of Prisons ("BOP") and Harley
Lappin, the Director of BOP ("Federal Defend-
ants"), and the GEO Group, Inc. and two of its em-
ployees, David Palmer, Assistant Warden at the
Rivers Correctional Institution ("RCI"), and James
K. Brown, the prison chaplain. ("GEO Defend-
ants"). Defendants have filed motions to dismiss.

### Background

Plaintiff is incarcerated at the RCI in Winton, North
Carolina. Complaint, p. 1. The RCI is operated by
the Geo Group, Inc. pursuant to a contract with the
BOP. *Id.,* p. 5. Plaintiff alleges that he is a practi-
cing Sunni Muslim and that his religion has strict
dietary laws and requirements. *Id.,* p. 4. On July 5,
2005, Plaintiff claims he was in the RCI's dining

hall during the serving of special diets. *Id.,* p. 3.
The dining staff handed him a food tray containing
pinto beans with pork. *Id.* He returned the tray and
was given one without pork. *Id.* The consumption
of pork violates Plaintiff's Muslim faith. *Id.,* p. 2.

Plaintiff met with defendant James K. Brown, the
chaplain at RCI, and complained to him that he had
failed to offer the prison's Muslim community the
opportunity to observe their faith's dietary require-
ments. *Id.,* p. 4. Plaintiff also filed an informal Re-
quest for an Administrative Remedy raising the is-
sue of the pork in his food. *Id.,* Ex. 1. He alleges
that after the request was denied, he met with As-
sistant Warden David Farmer. *Id.,* p. 4. Defendant
Farmer stated that the BOP's dietary program com-
plied with Plaintiff's religious requirements. *Id.*

In response to Plaintiff's appeal of the denial of his
grievance, RCI's Warden acknowledged that a case
of pinto beans containing pork was inadvertently
received into the facility. *Id.,* Ex. 2. According to
the Warden, the case of beans was immediately dis-
posed of and not served to the inmates. *Id.* He also
affirmed that the food served at RCI was pork-free.
*Id.* Plaintiff's further administrative appeals to the
BOP were denied. *Id.,* p. 3.

### Standard of Review

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Fed-
eral Rules of Civil Procedure, the Federal Defend-
ants move to dismiss for lack of subject matter jur-
isdiction and for failure to state a claim upon which
relief can be granted. A Rule 12(b)(6) motion to
dismiss tests the legal sufficiency of a complaint.
*Browning v. Clinton,* 292 F.3d 235, 242
(D.C.Cir.2002). The complaint need only set forth a
short and plain statement of the claim, giving the
defendant fair notice of the claim and the grounds
upon which it rests.*Kingman Park Civic Ass'n v.
Williams,* 348 F.3d 1033, 1040 (D.C.Cir.2003)
(citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**\*2** A court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Warren v. Dist. of Columbia,* 353 F.3d 36, 37 (D.C.Cir.2004); *Kingman Park,* 348 F.3d at 1040. Thus, in resolving a Rule 12(b)(1) or 12(b)(6) motion, the court must treat the complaint's factual allegations as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States,* 334 F.3d 61, 67 (D.C.Cir.2003), *cert. denied,* 540 U.S. 1149 (2004); *Holy Land Found. for Relief & Dev. v. Ashcroft,* 333 F.3d 156, 165 (D.C.Cir.2003), *cert. denied,* 540 U.S. 1218 (2004). The court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren,* 353 F.3d at 39; *Browning,* 292 F.3d at 242. In addition, the plaintiff has the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Felter v. Norton,* 412 F.Supp.2d 118, 122 (D.D.C.2006) (citation and quotation omitted).

The GEO Defendants assert that this Court lacks personal jurisdiction over them. The plaintiff bears the burden of establishing personal jurisdiction over each defendant. *Atlantigas Corp. v. Nisource, Inc.,* 290 F.Supp.2d 34, 42 (D.D.C.2003). In order to meet his burden, a plaintiff must allege specific facts on which personal jurisdiction can be based; he cannot rely on conclusory allegations. *Id.* Furthermore, a plaintiff cannot aggregate allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant. *Id.* In deciding a motion to dismiss for lack of personal jurisdiction under Fed.R.Civ.P. 12(b)(2), the Court need not treat plaintiff's allegations as true. *Id.* Rather, the Court may consider and weigh affidavits and other relevant matter in making the jurisdictional determination. *Id.*

### Discussion

*Federal Defendants*

The Federal Defendants move to dismiss on the ground that the RLUIPA does not apply to the BOP. In order to properly evaluate the Defendants' argument, it is necessary to understand the legislative and jurisprudential history of this area of law. RLUIPA is the "latest of long-running congressional efforts to accord religious exercise heightened protection from government-imposed burdens" than that required by the Supreme Court's free exercise clause jurisprudence. *Cutter v. Wilkinson,* 125 S.Ct. 2113, 2117-2118 (2005). To that end, in 1993, Congress enacted the Religious Freedom Restoration Act ("RFRA"). That statute was intended to overturn *Employment Div., Dep't of Human Resources of Or. v. Smith,* 494 U.S. 872 (1990), a decision which held that the First Amendment permits governments to apply neutral generally applicable laws to a religious practice without a showing of a compelling state interest. *Cutter,* 125 S.Ct. at 2118; *Caldwell v. Caesar,* 150 F.Supp.2d 50, 55 (D.D.C.2001). RFRA provides that a government "shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability" unless the government demonstrates that it "is in furtherance of a compelling government interest" and "is the least restrictive means of furthering that compelling government interest." 42 U.S.C. § 2000bb.

**\*3** In *City of Boerne v. Flores,* 521 U.S. 507, 523-36 (1997), the Supreme Court held that RFRA was unconstitutional as applied to the states. A number of courts of appeals, including ours, have held that RFRA still applies to the federal government. *See Cutter,* 125 S.Ct. at 2118; *Henderson v. Kennedy,* 265 F.3d 1072, 1073 (D.C.Cir.2001); *Gartrell v. Ashcroft,* 191 F.Supp.2d 23, 37 (D.D.C.2002).[FN1]

> FN1. The Supreme Court has yet to decide the issue. *Cutter,* 125 S.Ct. at 2118 n. 2.

In response to the Supreme Court invalidating RFRA as applied to the states, Congress enacted RLUIPA. *Cutter,* 125 S.Ct. at 2118. Section 3 of RLUIPA, 42 U.S.C. § 2000cc-1, applies to religious

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                    Page 3
Not Reported in F.Supp.2d, 2006 WL 2434938 (D.D.C.)
**(Cite as: Not Reported in F.Supp.2d, 2006 WL 2434938 (D.D.C.))**

exercise by institutionalized persons. The statute provides that "no *government* shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the government demonstrates that the burden furthers "a compelling government interest" and that it has adopted the "least restrictive means" to serve that interest. *Id* ., § 2000-cc-1(a)(1)-(2)(emphasis supplied). An individual affected by such a burden has a right to pursue judicial relief. *Id.,* § 2000-cc-2(a).

Under RLUIPA, the term "government" is defined as (1) a State, county, municipality, or other government entity created under the authority of a State; (2) any branch, department, agency, instrumentality, or official of these entities; and (3) any other person acting under color of State law. § 2000cc-5(4). The statute does not create a cause of action against the federal government or its correctional facilities. *Ish Yerushalayim v. United States,* 374 F.3d 89, 92 (2d Cir.2004); *Bloch v. Samuels,* No. H-04-4861, 2006 WL 2239016, at *7 (S.D.Tex. Aug. 3, 2006); *Sample v. Lappin,* 424 F.Supp.2d 187, 192 n. 3 (D.D.C.2006); *Terrero v. Watts,* No. 202-134, 2005 WL 2838142, at *5 (S.D.Ga. Oct. 26, 2005). This conclusion is the only sensible construction of the statute. RLUIPA was specifically enacted to counter a Supreme Court decision holding that the identical provisions of RFRA could not be applied to the states. *Cutter,* 125 S.Ct. at 2118. In addition, as noted above, inmates still retain a cause of action under RFRA against the federal government. Therefore, Plaintiff cannot bring a RLUIPA claim against the Federal Defendants.

*GEO Defendants*

These Defendants move to dismiss based on lack of personal jurisdiction. The caption of Plaintiff's complaint lists the addresses of Defendants Geo Group, Inc., David Farmer, and James K. Brown as being in Winton, North Carolina. The complaint does not allege that the Defendants reside in the District of Columbia or conduct business here.

The District of Columbia long-arm statute, D.C.Code § 13-423, is the only basis upon which personal jurisdiction may be exercised over defendants who do not reside within or maintain a place of business in the District of Columbia.*Reuber v. United States,* 750 F.2d 1039, 1040 (D.C.Cir.1984); *Robertson v. Merola,* 895 F.Supp. 1, 3 (D.D.C.1995). The District of Columbia long-arm statute provides that a Court may exercise personal jurisdiction over those who have (1) transacted business in the District of Columbia; (2) contracted to supply services in the District of Columbia; (3) caused a tortious injury in the District of Columbia by an act or omission in the District; or (4) caused a tortious injury in the District of Columbia by an act or omission outside the District while regularly doing or soliciting business or engaging in any other persistent course of conduct in the District. D.C.Code § 13-423(a)(1)-(4)(2006). For there to be personal jurisdiction under the long-arm statute, the plaintiff must allege some specific facts evidencing purposeful activity by defendants in the District of Columbia by which they invoked the benefits and protections of its laws and specific acts connecting the defendants with the forum. *See, e.g., Cellutech v. Centennial Cellular Corp.,* 871 F.Supp. 46, 48 (D.D.C.1994).

**\*4** Plaintiff contends that the Court has jurisdiction over the GEO Defendants by virtue of its contract with the BOP to operate the RCI [FN2] In 1997, Congress transferred responsibility for the imprisonment of felons convicted under the D.C.Code from the District of Columbia to the federal government pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997 ("Revitalization Act").*Fletcher v. Reilly,* 433 F.3d 867, 870 (D.C.Cir.2006); *see*D.C.Code §§ 24-101*et seq.* The statute provides that D.C.Code offenders "shall be designated by the Bureau of Prisons to a penal or correctional facility operated or contracted by the Bureau of Prisons ..."*Id.,* § 24-101(a). In addition, the Revitalization Act mandates that fifty percent of D.C. inmates be incarcerated in private correctional facilities. *Id.,* §

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                         Page 4
Not Reported in F.Supp.2d, 2006 WL 2434938 (D.D.C.)
**(Cite as: Not Reported in F.Supp.2d, 2006 WL 2434938 (D.D.C.))**

24-101(c)(1)(B).

> FN2. Following briefing on the Defendants' motions to dismiss, Plaintiff filed a motion for jurisdictional discovery. Such discovery is only warranted if the Plaintiff reasonably demonstrates that the discovery will enable him to show that the court has personal jurisdiction over the defendants. *GTE New Media Servs., Inc. v. BellSouth Corp.,* 199 F.3d 1343, 1351 (D.C.Cir.2000); *Carribean Broad Sys. v. Cable & Wireless PLC,* 148 F.3d 1080, 1090 (D.C.Cir.1998). In his motion, Plaintiff alleges that discovery will demonstrate that the GEO Group has extensive contact with BOP and other federal agencies in the District of Columbia, as well as the D.C. Jail. Plaintiff contends that this information would indicate that the GEO Group is transacting business in the District of Columbia.

> As the Court notes below, none of these allegations, if proven, would establish personal jurisdiction over the GEO Defendants. The Court will deny Plaintiff's motion.

The BOP and Wackenhut Correctional Corporation, now part of the GEO Group, entered into a contract for Wackenhut to house D.C. inmates pursuant to the Revitalization Act. *See* Pl.'s Opp. to Deft.'s Mot. to Dismiss, Ex. 1. The fact that this agreement was made pursuant to the Revitalization Act or executed within the District of Columbia does not confer personal jurisdiction over out-of-state defendants. *See Ali v. Dist. of Columbia,* 278 F.3d 1, 7 (D.C.Cir.2002); *Ibrahim v. Dist. of Columbia,* 357 F.Supp.2d 187, 192-94 (D.D.C.2004).

None of the GEO Defendants resides in the District of Columbia. Plaintiff's complaint alleges acts and omissions at the RCI in North Carolina. Plaintiff has not alleged that he suffered an injury in the District of Columbia. The only connection this case has with the District of Columbia is that the BOP is headquartered here. This fact by itself is insufficient to confer personal jurisdiction over the GEO Defendants. *See Cameron v. Thornburgh,* 983 F.2d 253, 256 (D.C.Cir.1993). Accordingly, this Court lacks personal jurisdiction over the individual defendants.

The Court may transfer an action even though it lacks personal jurisdiction over the defendants. *Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 789 (D.C.Cir.1983); *Hoffman v. Fairfax County Redevelopment & Hous. Auth.,* 276 F.Supp.2d 14, 16 n. 1 (D .D.C.2003). Transfer is appropriate under 28 U.S.C. § 1406(a)"when procedural obstacles [such as lack of personal jurisdiction and improper venue] impede an expeditious and orderly adjudication on the merits."*Sinclair v. Kleindienst,* 711 F.2d 291, 293-94 (D.C .Cir.1983) (citing *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466-67 (1962)); *Crenshaw v. Antokol,* 287 F.Supp.2d 37, 45 (D.D.C.2003). The decision to transfer an action on this basis is left to the discretion of the court. *Novak-Canzeri v. Saud,* 864 F.Supp. 203, 207 (D.D.C.1994). As a general matter, a transfer of the case is favored over a dismissal. *El v. Belden,* 360 F.Supp.2d 90, 93 (D.D.C.2004).[FN3]

> FN3. Unlike the Federal Defendants, the GEO Defendants have not moved to dismiss for lack of subject matter jurisdiction or for failure to state a claim.

The alleged events giving rise to Plaintiff's claim occurred at the RCI, which is located in the Eastern District of North Carolina. The GEO Defendants are also in the same district. Since Plaintiff is incarcerated at RCI, his BOP records are no doubt maintained there. In the interest of justice, therefore, the Court will transfer the action against the GEO Defendants to the United States District Court for the Eastern District of North Carolina.

**Conclusion**

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 2434938 (D.D.C.)
**(Cite as: Not Reported in F.Supp.2d, 2006 WL 2434938 (D.D.C.))**

**\*5** Based on the foregoing, the Federal Defendants' motion to dismiss will be granted. The claim against the GEO Defendants will be transferred. An appropriate order accompanies this Memorandum Opinion.

D.D.C.,2006.
Jackson v. Federal Bureau of Prisons
Not Reported in F.Supp.2d, 2006 WL 2434938 (D.D.C.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

ATTACHMENT 3

Westlaw.

Not Reported in F.Supp.2d                                                                                           Page 1
Not Reported in F.Supp.2d, 2006 WL 667166 (D.D.C.)
**(Cite as: Not Reported in F.Supp.2d, 2006 WL 667166 (D.D.C.))**

C
McCullough v. Bureau of Prisons
D.D.C.,2006.
Only the Westlaw citation is currently available.
United States District Court, District of Columbia.
Perry A. MCCULLOUGH, Plaintiff,
v.
BUREAU OF PRISONS, et al., Defendants.
**No. 05CV374 (HHK).**

March 15, 2006.

Perry A. McCullough, Terminal Island, CA, pro se.
John F. Henault, Jr., U.S. Attorney's Office, Washington, DC, Paul A. Kaplan, Paul A. Kaplan, Womble Carlyle Sandridge & Rice PLLC, Washington, DC, for Defendants.

*MEMORANDUM OPINION*

KENNEDY, J.
*1 This matter is before the Court on defendants' motions to dismiss. Having considered the motions and plaintiff's oppositions, the Court will transfer this action to the United States District Court for the Eastern District of California.

I. BACKGROUND

At all times relevant to the complaint, plaintiff was a federal prisoner incarcerated at the Taft Correctional Institution ("TCI"), a facility which Wackenhut Corrections Corporation ("Wackenhut") operated under contract with the Federal Bureau of Prisons ("BOP").[FN1] Compl. ¶¶ 1-3 (Part II).[FN2]

> FN1. Plaintiff was transferred from TCI to the Federal Corrections Institution in Tucson, Arizona. Compl. ¶¶ 69, 82 (Part III). Later he was transferred to the Federal Corrections Institution in Terminal Island, California, where he currently is incarcerated in a low security facility. See id. (Part VI).

> FN2. Plaintiff prepared his Complaint in six sections: Nature of the Action (Part I), Parties to the Action (Part II), Factual Basis for the Verified Complaint for Damages (Plaintiff's Affidavit) (Part III), Causes of Action (Part IV), Classification of Defendants (Part V), and Relief Requested (Part VI). Each section is set forth in sequentially numbered paragraphs. References to the Complaint generally will include the paragraph number and section number.

Plaintiff states that defendants falsified records pertaining to disciplinary actions taken against him following his alleged leadership role in effecting a food and work strike at TCI in November 2001. Although defendants determined that plaintiff committed no disciplinary violation, records identifying his role in the strike remain in his Central File. Defendants' reliance on these erroneous records, plaintiff contends, led to adverse determinations with respect to his supervision and security levels.

Plaintiff, who is proceeding *pro se,* brings this action under the Privacy Act, *see* 5 U.S.C. § 552a, against Wackenhut and the BOP. He alleges that defendants "generated several falsified documents which they used as the proximate cause for the improper retaliatory transfer of the Plaintiff." Compl. ¶ 69 (Part III). He further alleges that defendants placed those falsified documents in his Central File, and used "those documents to maintain inaccurate records for the purpose of adversely affect [sic] Plaintiff through a retaliatory transfer to a higher level institution, as a special offender, under Central Inmate Monitoring."[FN3] *Id.* (Part IV).

> FN3. Evidently, plaintiff was to be separated from the two inmates with whom he allegedly planned the food and work strike at TCI. *See* Compl. ¶¶ 70, 72 & Ex. V (December 17, 2001 Memorandum approving classification as a Central Inmate Mon-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

itoring case).

In addition to his Privacy Act claims, plaintiff brings civil rights claims under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), against 22 individuals who are employees either of the BOP or Wackenhut. He contends that these defendants violated rights protected by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution by denying him due process and by subjecting him to cruel and unusual punishment. *See* Compl. (Part IV). He demands injunctive relief and monetary damages. *Id.*

## II. DISCUSSION

A. Privacy Act Claims [FN4]

FN4. Plaintiff does not bring Privacy Act claims against any of the individual defendants. *See* Compl. ¶ 1 (Part I); Pl.'s Opp. to Fed. Defs.' Mot. to Dismiss at 9. If he had, the claims would be dismissed because individuals, government officials and government employees are not proper parties to a Privacy Act action. *Armstrong v. United States Bureau of Prisons,* 976 F.Supp. 17, 23 (D.D.C.1997), *aff'd,*1998 WL 65543 (D.C.Cir. Jan.30, 1998); *see Reid v. Federal Bureau of Prisons,* No. 04-1845, 2005 WL 1699425 at *2 (D.D.C. July 20, 2005).

Plaintiff purports to bring Privacy Act claims against Wackenhut, a private corporation which operated the Taft Correctional Institution in Taft, California pursuant to a contract with BOP. Compl. ¶¶ 2-3. According to BOP's website (www.bop.gov), TCI is a private facility.

Generally, the Privacy Act regulates the collection, maintenance, and disclosure of personal information by federal executive branch agencies. It does not cover a private corporation, which is not an "agency" for purposes of the Privacy Act. *Unt v. Aerospace Corp.,* 765 F.2d 1440, 1450-51 (D.C.Cir.1985) (concluding that private nonprofit corporation formed to provide engineering and technical services to Air Force missile and space program is not an agency as term is defined in Privacy Act); *Dennie v. Univ. of Pittsburgh Sch. of Med.,* 589 F.Supp. 348, 352 (D.Vi.1984) (dismissing hospital and medical school as defendants for plaintiff's failure to allege facts showing substantial federal control or supervision necessary to characterize entities as "federal" for purposes of Privacy Act jurisdiction), *aff'd,*770 F.2d 1068 (Table) (3d Cir.), *cert. denied,*474 U.S. 849, 106 S.Ct. 144, 88 L.Ed.2d 119 (1985); *see*5 U.S.C. §§ 551(1), 552(f), 552a(1). Accordingly, plaintiff's Privacy Act claims against Wackenhut must be dismissed.

B. Civil Rights Claims under *Bivens*

**\*2** The United States Court of Appeals for the District of Columbia Circuit instructs that "[c]ourts in this circuit must examine challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia."*Cameron v. Thornburgh,* 983 F.2d 253, 256 (D.C.Cir.1993).

1. Personal Jurisdiction

A District of Columbia court may exercise personal jurisdiction over a person who is "domiciled in, organized under the laws of, or maintaining [a] principal place of business in, the District of Columbia as to any claim for relief."[FN5]D.C.Code § 13-422. Plaintiff does not allege that any of the individual defendants are domiciled or incorporated in the District of Columbia, *see id.* ¶¶ 5-6, 8-25 (Part II), and thus fails to establish that they are persons over whom this Court may exercise jurisdiction under D.C.Code § 13-422.[FN6]*See Pollack v. Meese,* 737 F.Supp. 663, 665 (D.D.C.1990).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

FN5. With respect to defendant Wackenhut, plaintiff alleges that it is a "private, for profit corporation maintaining offices at 4200 Wackenhut Drive, Palm Beach Gardens, FL." Compl. ¶ 3 (Part II). He does not allege that Wackenhut is a corporation organized under District of Columbia law or maintaining a principal place of business in the District of Columbia. He does not establish personal jurisdiction under D.C.Code § 13-422.

FN6. Plaintiff alleges that defendant Lappin is BOP's Director, and that defendant Watts maintains an office at BOP's Washington, D.C. headquarters. Compl. ¶¶ 4, 7 (Part II). Their domiciles, however, are not stated in the record.

The Court engages in a two-part inquiry in order to determine whether it may exercise personal jurisdiction over a non-resident defendant. First, the Court must determine whether jurisdiction may be exercised under the District's long-arm statute. *GTE New Media Services, Inc. v. Bell South Corp.,* 199 F.3d 1343, 1347 (D.C.Cir.2000). Second, the Court must determine whether the exercise of personal jurisdiction satisfies due process requirements. *Id.* (citing *United States v. Ferrara,* 54 F.3d 825, 828 (D.C.Cir.1995)).

Under the District's long-arm statute, a District of Columbia court may exercise personal jurisdiction over a non-resident defendant who either (1) transacts business in the District, (2) causes tortious injury in the District by an act or omission in the District, or (3) causes tortious injury in the District "by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia."FN7D.C.Code § 13-423(a). Plaintiff bears the burden of establishing that personal jurisdiction under the long-arm statute exists "by demonstrating a factual basis for the exercise of

such jurisdiction over the defendant."*Novak-Canzeri v. Saud,* 864 F.Supp. 203, 205 (D.D.C.1993) (citing *First Chicago Int'l v. United Exchange Co.,* 836 F.2d 1375, 1378 (D.C.Cir.1988)). Plaintiff does not meet this burden.

FN7. The District's long-arm statute sets forth alternative bases for long-arm jurisdiction. *See*D.C.Code § 13-423(a). None of these alternatives is relevant in this case.

Although persistent conduct undertaken in a person's individual capacity may constitute the transaction of business for purposes of the long-arm statute, *see Pollack v. Meese,* 737 F.Supp. at 666, the complaint sets forth no allegations that these defendants have any personal connection with the District of Columbia. The mere fact that defendants Haro, Ballash, Gonzalez and Brokenshire are employees of the BOP, the headquarters office of which is in the District of Columbia, does not render them subject to suit in their individual capacities in this district. *See Stafford v. Briggs,* 444 U.S. 527, 543-45, 100 S.Ct. 774, 63 L.Ed.2d 1 (1980) (absent minimum contacts other than those arising from federal employment, court may not exercise personal jurisdiction over federal official in his individual capacity). Similarly, the fact that the Wackenhut employees at TCI work for a BOP contractor does not suffice.

*3 Finally, the complaint alleges no facts to establish that plaintiff suffered any injury in the District of Columbia. The actual injuries of which plaintiff complains occurred in California or, perhaps, Arizona. Regardless of whether these defendants acted within or outside of the District of Columbia, plaintiff suffered no injury here. Accordingly, the Court concludes that it lacks personal jurisdiction over Wackenhut or the individual defendants.

## 2. Venue

Venue for plaintiff's claims against the individual defendants in their individual capacities is determ-

ined under 28 U.S.C. § 1391(b).*See Stafford v. Briggs,* 444 U.S. at 544. Where, as here, the Court's jurisdiction is not based solely on diversity of citizenship, venue is proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."28 U.S.C. § 1391(b). By this standard, this case properly may proceed in the Eastern District of California, the judicial district where most of the events described in the complaint occurred.

### C. Transfer

In a case filed in a jurisdiction where venue is improper, the Court, in the interest of justice, may transfer the action to any other district where it could have been brought. 28 U.S.C. § 1406(a). The decision to transfer an action on this ground is left to the discretion of the Court. *See Novak-Canzeri,* 864 F.Supp. at 207. The Court may transfer an action even though it lacks personal jurisdiction over the defendants. *Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 789 (D.C.Cir.1983), *cert. denied,* 467 U.S. 1210, 104 S.Ct. 2399, 81 L.Ed.2d 355 (1984).

Transfer is appropriate under section 1406(a)"when procedural obstacles [such as lack of personal jurisdiction and improper venue] impede an expeditious and orderly adjudication on the merits."*Sinclair v. Kleindienst,* 711 F.2d 291, 293-94 (D.C.Cir.1983) (citing *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466-67, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962)); *Crenshaw v. Antokol,* 287 F.Supp.2d 37, 45 (D.D.C.2003). Further, "[i]t is in the interest of justice to transfer the entire complaint rather than have it heard in two different venues."*In re O'Leska,* No. 00-5339, 2000 WL 1946653 *1 (D.C.Cir. Dec.7, 2000) (per curiam); *Crenshaw v. Antokol,* 287 F.Supp.2d at 45.

In this case, the Court lacks personal jurisdiction over Wackenhut and the individual defendants. The alleged events giving rise to plaintiff's claims occurred principally in California, where Wackenhut and BOP conduct business and where many of the individual defendants likely reside. Although plaintiff's Privacy Act claims may be brought in this district, *see* 5 U.S.C. § 552a(g)(5), judicial economy is served by transferring this civil action in its entirety. Therefore, in the interest of justice, the Court will transfer this action to the United States District Court for the Eastern District of California. An Order consistent with this Memorandum Opinion will be issued separately on this same date.

D.D.C.,2006.
McCullough v. Bureau of Prisons
Not Reported in F.Supp.2d, 2006 WL 667166 (D.D.C.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNEDY SCHULER,                    )
                                    )
                Plaintiff,          )
                                    )
v.                                  )        **Case No. 1:08-cv-00065-ESH**
                                    )
GEO GROUP, INC., et al.,            )
                                    )
                Defendants.         )

## ORDER

UPON CONSIDERATION of the Motion to Dismiss filed by Defendant GEO Group, Inc., any opposition thereto, and the entire record herein, and the Court having concluded that good cause has been shown; it is hereby

ORDERED that the Motion to Dismiss is GRANTED.

Date: _____

                                    _____
                                    The Honorable Ellen S. Huvelle
                                    United States District Judge

Copies to:

Deborah J. Israel, Esq.                Kennedy Schuler
Womble Carlyle Sandridge & Rice, PLLC  R02045-000
1401 Eye Street, NW, 7th Floor         Rivers Correctional Institution
Washington, DC  20005                  P. O. Box 630
*Counsel for Defendant GEO Group, Inc.* Winton, NC  27986-0630
                                       *Pro Se Plaintiff*

Christian Alexander Natiello, Esq.
United States Attorney's Office
555 Fourth Street, NW
Room E-4112
Washington, DC  20006-2401
*Attorneys for United States of America,*
*Bureau of Prisons and Harley Lappin*