## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————

KENNEDY SCHULER,                                  )
                                                 )
     *Pro se* Plaintiff,                         )
                                                 )
     v.                                         )     Civil Action No.  08-0065 (ESH)
                                                 )
GEO GROUP, INC., et al.                          )
                                                 )
     Defendants.                                )
———————————————————

## MOTION TO DISMISS OF DEFENDANTS THE UNITED STATES OF AMERICA, THE FEDERAL BUREAU OF PRISONS, AND HARLEY LAPPIN

Defendants, The United States of America, The Federal Bureau of Prisons, and Harley

Lappin, Director of The Federal Bureau of Prisons, respectfully move for dismissal of Plaintiff's

Complaint pursuant to Federal Civil Rules 12(b)(1) and 12(b)(6) for lack of subject matter

jurisdiction and for failure to state a claim upon which relief can be granted.   In support of this

motion, the Court is respectfully referred to the accompanying Memorandum of Points and

Authorities.  A proposed Order consistent with this motion is attached hereto.

August 8, 2008.                          Respectfully submitted,


                                             /s/
                                    JEFFREY A. TAYLOR, D.C. BAR # 498610
                                    United States Attorney


                                           /s/
                                    RUDOLPH CONTRERAS, D.C. BAR #434122
                                    Assistant United States Attorney


                                         /s/
                                    CHRISTIAN A. NATIELLO, D.C. BAR #473960
                                    Assistant United States Attorney
                                    555 Fourth St., N.W.
                                    Washington, D.C. 20530
                                    (202) 307-0338

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KENNEDY SCHULER, | ) | |
| | ) | |
| *Pro se* Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  08-0065 (ESH) |
| | ) | |
| GEO GROUP, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN
## SUPPORT OF DEFENDANTS' MOTION TO DISMISS

**I.    Factual Background**

Plaintiff, Kennedy Schuler, brought this action against the GEO Group, Inc. ("GEO"), the United States of America, the Federal Bureau of Prisons ("BOP"), and Harley Lappin, Director of the BOP, contending that he was denied adequate medical care while confined at the Rivers Correctional Institution (Rivers CI) in Winton, North Carolina.  Complaint, ¶ 16.  He has not specified his medical ailments in the Complaint; however, the administrative forms in the accompanying exhibit indicate that at various times he has complained of sleep apnea, erectile dysfunction, a rash, polyps in his rectum, and "lumps" in his stomach.  See Exhibit A to the Complaint, at pp. 1, 4, 5, 15, 16, 17.

From approximately March 21, 2005, until April 2, 2007, Plaintiff submitted formal and informal requests through the Rivers CI administrative system for further medical consultation.  See id. at pp. 1, 3, 5, 7, 13, 15, 16, 17, 19.  For every submission, a counselor or the Rivers CI Health Services Administrator responded to Plaintiff and either: (1) instructed him to submit a "sick call" request, (2) informed him that he had been scheduled for an appointment with the physician, (3) reaffirmed his existing treatment plan, or (4) explained why the requested remedy

was being denied at that time.  See id. at pp. 3, 6, 8, 12, 14, 16, 17-18.  Plaintiff, unsatisfied with

these responses, filed this action on January 14, 2008.  See Complaint at 1.  He alleges

negligence, breach of contract, and violations of his rights under the Eighth Amendment to the

Constitution and the Rehabilitation Act.  See id. ¶ 18.  He requests declaratory and injunctive

relief as well as $1,000,000 in compensatory damages and $5,000,000 in punitive and exemplary

damages.  See id. ¶¶ (e)-(h).

As discussed more fully below, Plaintiff has failed to put forth any specific allegations

against the United States, the BOP, or Harley Lappin.  He has not provided any factual or legal

basis to support his claims and makes only conclusory statements regarding Defendants' role in

this case.  For these reasons, Plaintiff's Complaint should be dismissed in its entirety.

## II.    Standard of Review

Pursuant to Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of establishing that the

court has subject-matter jurisdiction.  McNutt v. General Motors Acceptance Corp., 298 U.S.

178, 182-83 (1936).  Federal courts are courts of limited jurisdiction, and the law presumes that

"a cause lies outside this limited jurisdiction."  Kokkonen v. Guardian Life Insurance Co. of

America, 511 U.S. 375, 377 (1994).  Because subject matter jurisdiction is an Article III as well

as statutory requirement, "no action of the parties can confer subject matter jurisdiction upon a

federal court."  Akinseye v. District of Columbia, 339 F.3d 970, 971 (D.C. Cir. 2003).  Because

subject matter jurisdiction focuses on the court's power to hear the claim, however, the court

must give the plaintiff's factual allegations close scrutiny.  Macharia v. United States, 334 F.3d

61, 64 (D.C. Cir. 2003).  The court is not limited to the allegations contained in the complaint,

Hohri v. United States, 782 F.2d 227, 241 (D.C. Cir. 1986), vacated on other grounds, 482 U.S.

64 (1987), but instead may consider materials outside the pleadings.  Herbert v. Nat'l Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992).

      Rule 12(b)(6) of the Federal Rules of Civil Procedure allows dismissal of a complaint if a plaintiff fails "to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).  In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6).  The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'"  Id. at 1965 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also Erickson v. Pardus, 127 S. Ct. 2197 (2007).  Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. at 1964-65; see also Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).  Moreover, "[t]o the extent direct allegations are missing, 'a complaint must contain...inferential allegations.'"  Aktieselskabet v. Fame Jeans, Inc., 2008 U.S. App. LEXIS 9627, at *19 (D.C. Cir. 2008) (citing Twombly, 127 S. Ct. at 1969).

      On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint."  Erickson v. Pardus, 127 S. Ct. at 2200; see also Bell Atlantic Corp. v. Twombly, 127 S. Ct. at 1965; Summit Health, Ltd. v. Pinhas, 500 U.S. 322, 325 (1991).  The complaint "is construed liberally in the plaintiffs' favor, and [the Court should] grant plaintiffs the benefit of all inferences that can be derived

3

from the facts alleged." <u>Kowal v. MCI Communications Corp.</u>, 16 F.3d 1271, 1276 (D.C. Cir.1994); <u>see also</u> <u>Browning v. Clinton</u>, 292 F.3d 235, 242 (D.C. Cir. 2002); <u>Sparrow v. United Air Lines, Inc.</u>, 216 F.3d 1111, 1113 (D.C. Cir. 2000). While the complaint is to be construed liberally in the plaintiff's favor, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint; nor must the Court accept plaintiff's legal conclusions. See <u>Kowal v. MCI Communications Corp.</u>, 16 F.3d at 1276; <u>Browning v. Clinton</u>, 292 F.3d at 242. In this case, Plaintiff fails to establish a right to relief on the substantive claims asserted even when the Complaint is liberally construed in Plaintiff's favor.

## III.    Argument

### A.    Plaintiff's Eighth Amendment claim should be dismissed because the United States, the BOP, and Harley Lappin, sued in his official capacity, have not waived sovereign immunity.

Pursuant to the doctrine of sovereign immunity, the United States cannot be sued without its consent. <u>United States v. Testan</u>, 424 U.S. 392, 399 (1976) ("[E]xcept as Congress has consented to a cause of action against the United States, 'there is no jurisdiction . . . to entertain suits against the United States'") (quoting <u>United States v. Sherwood</u>, 312 U.S. 584 (1941)). The United States, as sovereign, "is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." <u>United States v. Sherwood</u>, 312 U.S. at 770. Plaintiff points to no waiver of sovereign immunity; therefore, his Eighth Amendment claim for money damages against the United States and the BOP should be dismissed for lack of subject matter jurisdiction.

Further, Plaintiff has named Harley Lappin in his official capacity as Director of the BOP. Under <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, a plaintiff can

receive money damages against individual federal agents for violations of his constitutional rights where the federal agents intentionally and knowingly acted to deprive the plaintiff of those rights. 403 U.S. 388, 397 (1971). However, claims against federal defendants in their official capacities are, under law, claims asserted against the United States. See Atchison v. District of Columbia, 73 F.3d 418, 424 (D.C. Cir. 1996) (finding that government officials are not personally liable for damages when sued in their official capacities). Because the United States has not waived sovereign immunity, Plaintiff's claim against Harley Lappin also should be dismissed. See Thibeaux v. Mukasey, No. 07-13699, 2008 WL 1891474, at *1 (11th Cir. April 30, 2008) ("Bivens claims can be brought against federal officers in their individual capacities only; they do not apply to federal officers acting in their official capacities."). As the Supreme Court has established, "a suit based on allegations of constitutional violations by federal agencies or officials acting in an official capacity are not only barred by sovereign immunity, but also fail to state a claim for relief under Bivens." Majhor  v. Kempthorne, 518 F.Supp.2d 221, 245 (D.D.C. 2007) (citing F.D.I.C. v. Meyer, 510 U.S. 483-85).

Because sovereign immunity shields the federal government, its agencies, and its employees from suit for actions taken in their official capacity absent an express waiver, Plaintiff cannot bring suit for money damages against the United States, the BOP, or Harley Lappin, and the Court lacks jurisdiction over such claims.

**B.     Pursuant to the doctrine of respondeat superior, Defendant Lappin cannot be held personally liable for Plaintiff's alleged injuries.**

The doctrine of respondeat superior bars Plaintiff's claims against Harley Lappin in this case.[1] Respondeat superior liability does not exist under Bivens; instead, a defendant is liable for

---

[1]     Plaintiff does not provide any evidence that he served Defendant Lappin in his personal capacity. Because Plaintiff apparently is suing Mr. Lappin in his individual capacity as well as in his official capacity, in order to properly serve him in his individual capacities, Plaintiff needed to, at the very least, mail him at his home. Fed. R.

his personal acts only.  Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1987).  The

general responsibility of a warden for supervising the operation of a prison is not sufficient to

establish personal liability.  Id. (citing Ouzts v. Cummins, 825 F.2d 1276, 1277 (8th Cir. 1987));

see also Rizzo v. Goode, 423 U.S. 362 (1976) (holding that defendants in a Bivens action should

be dismissed if they had no personal involvement or participation in alleged unconstitutional

actions).  In Estate of Rosenberg, the Eight Circuit noted that a "bare allegation . . . that someone

in supervisory authority has been deliberately indifferent, without any specification of that

person's contact . . . with the plaintiff . . . is not sufficient to state a Bivens claim."  Rosenberg,

56 F.3d at 38.

     Here, Plaintiff does not allege any personal participation or acquiescence on the part of

Defendant Lappin and merely names him in the Complaint in his official capacity as the Director

of the BOP.  See Complaint, ¶ 4.  As the case law establishes, absent any contact between the

two, Plaintiff has no viable cause of action against Defendant Lappin.[2]

### C.    <u>Plaintiff has failed to state a cause of action under the Eighth Amendment.</u>

     Even if Defendants were not entitled to immunity, Plaintiff has failed to state an

actionable constitutional claim against them.  The Supreme Court has instructed that in order to

state a cognizable claim of medical mistreatment under the Eighth Amendment, "a prisoner must

---

Civ. P. 4(i)(3).  Under some circumstances, additional opportunities may be available to a plaintiff to effect proper service on a defendant in a civil action.  See Moore v. Agency for International Development, 994 F.2d 874 (D.C. Cir. 1993).  However, in light of the several other reasons calling for dismissal of Plaintiff's claims, no purpose would be served by the calling for additional efforts to effect proper service in this action.  Indeed, if the Court were to conclude that Plaintiff's Complaint is not subject to dismissal on the several other grounds set forth in this memorandum, Defendant Lappin requests an opportunity to determine whether he would be willing to waive any defense based upon Fed. R. Civ. P. 12(b)(4).

[2]    Moreover, Defendant Lappin is entitled to dismissal on the basis of qualified immunity.  Individually-named federal defendants sued for money damages for violations of constitutional rights are immune from suit under the doctrine of qualified immunity if, inter alia, the complaint fails to allege facts that give rise to the violation of a clearly-established constitutional right.  See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (holding that government officials are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known).  Here, Plaintiff has not alleged that Mr. Lappin violated a clearly established constitutional right; he merely identifies Mr. Lappin as the Director of the BOP. See Complaint,  ¶ 4.

allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious

medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  In Estelle, the Court reasoned that

because "an inadvertent failure to provide adequate medical care cannot be said to constitute 'an

unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind,'" a

complaint that a physician has been negligent in diagnosing or treating a medical condition does

not state a valid Eight Amendment claim.  Id. at 105-106.  The Court also noted that "medical

malpractice does not become a constitutional violation merely because the victim is a prisoner."

Id. at 106.  Consequently, mere negligence, mistake or a difference of medical opinion will not

give rise to an Eighth Amendment claim.  See Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir.

1977).

    Thus, a prisoner must show both a serious medical need and deliberate indifference to

that need in order to establish a violation of his constitutional right to adequate medical care.  See

Gabriel v. Corrections Corp. of America, 211 F.Supp.2d 132, 138 (D.D.C.2002).  A serious

medical need is "one that has been diagnosed by a physician as mandating treatment, or one that

is so obvious that even a lay person would easily recognize the necessity for a doctor's

attention."  Mahan v. Plymouth House of Corrections, 64 F.3d 14, 18 (1st Cir. 1995) (quoting

Gaudrealt v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990)).  Deliberate

indifference requires a plaintiff to prove that a prison official: (1) was deliberately indifferent in

his response to the prisoner's needs; (2) intentionally denied or delayed access to medical care;

or (3) intentionally interfered with the treatment prescribed.  Estelle, 429 U.S. at 105.

    In the present case, regardless of whether his medical needs qualify as "serious," Plaintiff

has not alleged, nor could he establish, that Defendants exhibited deliberate indifference to those

needs.  The United States, the BOP, and Harley Lappin have no direct involvement in this case,

7

and Plaintiff has not asserted otherwise.  See Complaint, ¶¶ 1-18, (a)-(h).  Plaintiff states that he

has been unable to get adequate medical care.  See id.  ¶¶ 15, 16.  Not once, however, does he

explicitly state in the Complaint or in the attached exhibit that the actions taken by Defendants

contributed to his injury, nor does he allege that they committed any wrongful acts.  See id. ¶¶ 1-

18, (a)-(h).  Even had Plaintiff alleged a link between Mr. Lappin and the BOP, neither Mr.

Lappin nor the BOP is responsible for the provision of medical treatment at private correctional

institutions with which it contracts to house inmates.[3]  See 28 U.S.C. § 1346(b)(1); 28 U.S.C. §

2671; see also Longue v. United States, 412 U.S. 521, 530-31 (1973) (stating that contractors

with the United states are not federal employees and the United States is not liable for the actions

of the contractor); Bailor v. Salvation Army, 51 F.3d 678, 685 (7th Cir. 1995) (stating that the

FTCA allows the BOP to be sued for negligent acts of its employees, but not for those of a

contractor).  The BOP and Harley Lappin do not have oversight or supervisory authority over the

medical staff at these facilities.  See id.

        As the Supreme Court has found, matters of medical judgment do not rise to the level of

constitutional violations.  Estelle, 429 U.S. at 107.  "A medical decision not to order an X-ray, or

like measures, does not represent cruel and unusual punishment."  Id.; see also Ledoux v. Davies,

961 F.2d 1536, 1537 (10th Cir.1992) ("Whether a specialist should be consulted is generally

considered an exercise of medical judgment that is not subject to redress under the Eighth

Amendment."); Layne v. Vinzant, 657 F.2d 468, 474 (1st Cir. 1981) ("Where a prisoner has

received some medical attention and the dispute is over the adequacy of the treatment, federal

courts are generally reluctant to second guess medical judgments."); Brown v. McElroy, 160 F.

Supp. 2d 699, 706 (S.D.N.Y. 2001) ("The fact that a plaintiff feels that more should have been

---

[3]        Plaintiff sued the contractor in this case, the GEO Group, Inc.  That defendant, however, has been
dismissed from this case after this Court granted its Motion to Dismiss.  Court's Order dated July 15, 2008.

done for his condition is not sufficient basis for a deliberate indifference claim."). Here, Plaintiff

was continually evaluated by medical personnel and, where deemed appropriate, was provided

treatment or referred to a specialist. See Complaint, Ex. A at pp. 2, 3, 6, 9, 12, 16.    Under these

circumstances, the failure to refer Plaintiff to a specialist or to give him different medication does

not constitute deliberate indifference to his health.

> **D.    Plaintiff has failed to state a cause of action under Section 504 of the Rehabilitation Act.**

Plaintiff has also failed to allege the requisite elements of a discrimination claim under

the Rehabilitation Act ("Rehab Act").  To state a claim under section 504 of the Rehab Act,

Plaintiff has the burden of proving: (1) that he is disabled within the meaning of the statute; (2)

that he is otherwise qualified for the benefits he seeks; (3) that he was excluded from, denied the

benefit of, or subjected to discrimination under a program or activity due to his handicap; and (4)

that the program or activity is carried out by a federal executive agency or with federal funds.

See American Council of the Blind v. Paulson, 525 F.3d 1256, 1266 (D.C. Cir. 2008).

Plaintiff has not raised any of these elements in the Complaint or the accompanying

administrative forms.  See Complaint, ¶¶ 1-18, (a)-(h).  Plaintiff complains of pain and

discomfort, but he never equates that to a disability.  See id. ¶ 15.  Furthermore, there is nothing

in the Complaint or the attached Exhibit that indicates that Plaintiff is disabled within the

meaning of the Rehab Act.   In pertinent part, the statute defines the term "disability" as "a

physical or mental impairment which substantially limits one or more . . . major life activities."

29 U.S.C. § 705(20)(B)(i).  "A plaintiff is disabled . . . if:  (1) he suffers from an impairment; (2)

the impairment limits an activity that constitutes a major life activity under the Act; and (3) the

limitation is substantial."  Haynes v. Williams, 392 F.3d 478, 481-82 (D.C. Cir. 2004).  As the

Supreme Court emphasized in Toyota v. Williams, "merely having an impairment does not make

[an individual] disabled." 534 U.S. 184, 195 (2002). Instead, a plaintiff must "prove a disability by offering evidence that the extent of the limitation [caused by the impairment] in terms of their own experience is substantial." Id. at 691. To qualify as substantial, "the impairment's impact must also be permanent or long-term." Here, Plaintiff has alleged that he was denied adequate medical treatment; he has not identified or described his ailments in the Complaint nor has he indicated that they are permanent or long-term or that they substantially limit him in any major life activities. See Complaint, ¶ 15.

Additionally, Plaintiff must plead that he was "otherwise qualified" for more medical care, above what he was already getting, and that he was denied further care "solely" because of his disability. See Fitzgerald v. Corrections Corp. of America, 403 F.3d 1134, 1144 (10th Cir. 2005). Plaintiff has not claimed that he was ever denied further medical care *because of a disability*. Even if he had made such a claim, lawsuits brought pursuant to the Rehab Act cannot be based on medical treatment decisions. See Burger v. Bloomberg, 418 F.3d 882, 883 (8th Cir. 2005) (concluding that a lawsuit under the Rehab Act or the Americans with Disabilities Act (ADA) cannot be based on medical treatment decisions); Fitzgerald v. Corrections Corp. Of America, 403 F.3d 1134, 1144 (10th Cir. 2005) (finding that an inmate's claims under the Rehab Act and the ADA were properly dismissed for failure to state claim as they were based on medical treatment decisions); Schiavo v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005) (finding that the Rehab Act, like the ADA, was never intended to apply to decisions involving medical treatment). Here, Plaintiff's claims rest on his dissatisfaction with treatment decisions made by the medical staff at Rivers CI. See Complaint, ¶¶ 8-15. Those issues are not covered by section 504 of the Rehab Act and should therefore be dismissed.

**E.    Plaintiff has failed to satisfy the FTCA requirements for bringing a <u>negligence claim against the United States.</u>**

To the extent that Plaintiff asserts a negligence claim against the BOP and Harley Lappin in his official capacity, it must be dismissed for lack of subject matter jurisdiction.  Only the United States is a proper defendant to a Federal Tort Claims Act ("FTCA") suit, not a particular federal agency, its subdivisions, or its employees.  <u>See</u> 28 U.S.C. § 2679(a); <u>Cox v. Secretary of Labor</u>, 739 F. Supp. 28, 29 (D.D.C. 1990) (suit against the Secretary of Labor rather than the government itself must be dismissed for lack of subject matter jurisdiction) (citing numerous cases).

Moreover, to the extent that Plaintiff asserts a negligence claim against the United States, he has not exhausted his administrative remedies under the FTCA, 28 U.S.C. § 2871, <u>et</u> <u>seq.</u>, and therefore cannot invoke the statute's limited waiver of sovereign immunity.  The FTCA "grants federal district courts jurisdiction over claims arising from certain torts committed by federal employees in the scope of their employment, and waives the government's sovereign immunity from such claims."  <u>Sloan v. Department of Housing & Urban Development</u>, 236 F.3d 756, 759 (D.C.Cir.2001).  However, the statute further provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section...

28 U.S.C. § 2675(a).  Plaintiff does not assert that he has exhausted the necessary administrative remedies under the FTCA, which is a prerequisite to bringing an FTCA claim.  The FTCA is a limited waiver of sovereign immunity for certain monetary claims against the United States.

11

Absent full compliance with the conditions placed upon waiver of that immunity, the Court lacks jurisdiction to entertain tort claims against the United States. GAF Corp. v. United States, 818 F.2d 901, 904 n.86 (D.C. Cir. 1987). This requirement is jurisdictional and cannot be waived. Hohri v. United States, 782 F.2d 227, 245-246 (D.C.Cir.1986), vacated on other grounds, 482 U.S. 64 (1987). An action cannot be maintained under the FTCA where the complaint is filed before an administrative claim is finally denied or six months have passed. McNeil v. United States Public Health Serv., 508 U.S. 106 (1993). In this case, there is no showing—not even an allegation—that Plaintiff exhausted his administrative remedies and was granted a waiver of sovereign immunity by the United States for his negligence claim. Thus, the claim must be dismissed for lack of subject matter jurisdiction.[4]

> **F.    Plaintiff has failed to state a breach of contract claim against the United States, the BOP, and Harley Lappin.**

Plaintiff apparently raises a breach of contract claim. See Complaint, ¶¶ 18, (c). He puts forth only a bare allegation that "the medical department [at Rivers CI] is in violation of the contract between the BOP and GEO Group." Complaint, Ex. A. at p. 4, Letter to Mr. Jaweise. As stated above, neither Mr. Lappin nor the BOP is responsible for the provision of medical treatment at private correctional institutions with which it contracts to house inmates. Neither the BOP nor Harley Lappin have oversight or supervisory authority over the medical staff at these facilities. Perhaps more fatal to his claim, Plaintiff clearly is not a party to the contract between

---

[4] Even if Plaintiff had been granted a waiver of sovereign immunity, his negligence claim against the United States would still fail under the independent contractor exception set forth in Logue v. United States, 412 U.S. 521 (1973). In Logue, the Supreme Court held that an FTCA claim cannot be maintained against the United States for the acts of a prison contractor where the contract "clearly contemplated that the day-to-day operations of the contractor's facilities were to be in the hands of the contractor, with the Government's role limited to the payment of sufficiently high rates to induce the contractor to do a good job," and where the government did not supervise the contractor's daily operations. 412 U.S. at 529-530. Because the United States has no supervisory authority at Rivers CI, Plaintiff's negligence claim against the government lacks any legal basis.

the BOP and the Geo Group, Inc. As such, he lacks standing to sue for a breach of this contract.[5]
Because Plaintiff has not provided any factual, jurisdictional, or legal basis to support this claim,
it should be dismissed.

### G.  Plaintiff's request for injunctive relief should be dismissed as moot.

Pursuant to Article III of the Constitution, Plaintiff's release from prison moots his claim
for injunctive relief. As the Supreme Court has stated, "federal courts are without power to
decide questions that cannot effect the rights of litigants in the case before them." DeFunis v.
Odegaard, 416 U.S. 312, 316 (1974) (quoting North Carolina v. Rice, 404 U.S. 244, 246 (1971)).
This inability of the federal judiciary "to review moot cases derives from the requirement of
Article III of the Constitution under which the exercise of judicial power depends upon the
existence of a case or controversy." Id. (quoting Liner v. Jafco, Inc., 375 U.S. 301, 306 n.3
(1964)); see also City of Houston v. Department of Housing and Urban Development, 24 F.3d
1421, 1426 (D.C. Cir. 1994) ("Federal courts lack jurisdiction to decide moot cases because their
constitutional authority extends only to actual cases or controversies"); Westmoreland v.
National Transportation Safety Board, 833 F.2d 1461, 1462 (11th Cir. 1987) ("When effective
relief cannot be granted because of later events, the appeal must be dismissed as moot.").

"A transfer or a release of a prisoner from prison will moot that prisoner's claims for
injunctive and declaratory relief." Smith v. Allen, 502 F.3d 1255, 1267 (11th Cir. 2007); see
Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir.1986) (per curiam). Once the prisoner has

---

[5]         To the extent Plaintiff claims that he is a third-party beneficiary of the contract between the BOP and the
GEO Group, Inc., his Complaint is woefully deficient in demonstrating so. "Third party beneficiary status requires
that the contracting parties had an express or implied intention to benefit directly the party claiming such status."
Fort Lincoln Civic Association, Inc. et al. v. Fort Lincoln New Town Corporation, et al., 944 A.2d 1055, 1064 (D.C.
App. 2008). Moreover, "third party beneficiaries of a Government contract are generally assumed to be merely
incidental beneficiaries, and may not enforce the contract absent clear intent to the contrary." Fort Lincoln, 944
A.2d at 1065, citations omitted. (First emphasis in original, second emphasis added). In the present case, Plaintiff
provides no evidence – and does not plead – that the contract between the BOP and the GEO Group, Inc. contains
clear intent that Plaintiff is its intended beneficiary.

been released, the court lacks the ability to grant injunctive relief and correct the conditions of which the prisoner complained.  See, e.g., Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir.1985) (per curiam) (stating that a prisoner's past exposure to sub-par conditions in a prison "does not constitute a present case or controversy involving injunctive relief").

Here, Plaintiff requests that the Court "enjoin the Defendants, their agents, employees and all persons acting in concert with them from subjecting [him] to [their] medical care and practices."  Complaint, ¶ (d).  However, Plaintiff was released from Rivers CI via "good conduct time release" on February 5, 2008.  He has since relocated to an apartment residence in Washington, D.C.  See Court's Docket Entry. 5.  Accordingly, his requests for declaratory and injunctive relief should be dismissed as moot.

## IV.    Conclusion

For the foregoing reasons, the Court should dismiss Plaintiff's claims against the United States, the BOP, and Harley Lappin in their entirety.

Dated: August 8, 2008.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____/s/_____
CHRISTIAN A. NATIELLO, D.C. BAR #473960
Assistant United States Attorney
555 Fourth St., N.W.

14

Room E4112
Washington, D.C. 20530
(202) 307-0338

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNEDY SCHULER, | ) |
| | ) |
| *Pro se* Plaintiff, | ) |
| | ) |
| v. | )      Civil Action No.  08-0065 (ESH) |
| | ) |
| GEO GROUP, INC., et al. | ) |
| | ) |
| Defendants. | ) |

## ORDER ON MOTION TO DISMISS

UPON CONSIDERATION of Defendant's Motion to Dismiss, and the entire record herein, it is hereby

ORDERED that the motion is GRANTED.

So ordered, this _____ day of _____ 2008.

_____
The Honorable Ellen Segal Huvelle
United States District Judge

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on August 8, 2008, I served a copy of Defendants' Motion to

Dismiss by first class United States mail, postage pre-paid, on Plaintiff at the following address:


Kennedy Schuler
2640 Langston Place, S.E.
Apt. 302
Washington, D.C.  20020


_____
Christian A. Natiello
Assistant United States Attorney